UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SANDRA BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-CV-307 |
| | ) | |
| NAOMI FRIEDRICHSEN, | ) | |
| ERIKA HOLLIDAY (LIDDICK), | ) | |
| HUNTERS RUN APARTMENTS | ) | |
| AND OWNERS, and INTERSTATE REALTY | ) | |
| MANAGEMENT CO., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Amended Motion for Summary Judgment filed on June 1, 2020, by Plaintiff Sandra Black, who is proceeding *pro se* (ECF No. 40). The Defendants filed a response brief in opposition to the motion on June 29, 2020 (ECF No. 44) and Black filed a reply on July 8, 2020 (ECF No. 47). For the reasons discussed below, Plaintiff's motion is DENIED.

**STANDARD OF REVIEW**

Federal Rule 56 states that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The Supreme Court has explained that "the burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "'If the moving party has properly supported his motion, the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue

for trial.'" *Simpson v. Gen. Dynamics Ordnance & Tactical Sys.-Simunition Operations, Inc.*, 2019 WL 6912332, at *2 (N.D. Ind. Dec. 19, 2019) (quoting *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015)). Within this context, the Court must construe all facts and reasonable inferences from those facts in the light most favorable to the nonmoving party. *Id*. (citing *Frakes v. Peoria Sch. Dist. No. 150*, 872 F.3d 545, 550 (7th Cir. 2017)). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Summary judgment is not a substitute for a trial on the merits nor is it a vehicle for resolving factual disputes. *Id*. Therefore, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact-finder could find for the party opposing the motion, summary judgment is inappropriate. *See Shields Enterprises, Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992); *Wolf v. City of Fitchburg*, 870 F.2d 1327, 1330 (7th Cir. 1989).

The Court is also mindful of the well-settled principle that, when interpreting a *pro se* plaintiff's pleadings, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In this case, even a liberal reading of Black's pleadings does not save her motion, which as discussed below is based solely on conclusions, speculation and conjecture.

## DISCUSSION

Sandra Black alleges that the Defendants, an apartment complex, a property management company, and two employees who worked for those entities, discriminated against her on the basis of her race, African-American, in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. The Court included a recitation of the underlying facts of this case in its Opinion and Order entered on March 11, 2020, denying the Defendants' motion to dismiss and need not repeat them here. Opinion and Order (ECF No. 28). Some procedural background, though, is necessary for context. After the Defendants' motion to dismiss was filed, but before the Court had ruled on it, Magistrate Judge Collins granted a motion to stay discovery, also filed by the Defendants. *See* ECF No. 27, January 17, 2020 ("Court stays discovery pending ruling on Defendants' Motion to Dismiss."). On April 23, Black filed a motion for partial summary judgment (ECF No. 36). In response, the Defendants filed a motion to strike Black's motion or alternatively for an extension of time to respond to it (ECF No. 39). Then, instead of filing a response to the motion to strike, Black filed her Amended Motion for Summary Judgment, i.e., the one now before Court. As a result, on June 2, Magistrate Judge Collins entered an order ruling that "[i]n light of the Amended Motion . . . [Plaintiff's] Motion for Partial Summary Judgment and [the Defendants'] Motion to Strike are termed as moot." Court Order (ECF No. 41). On June 17, the Magistrate Judge conducted a status conference in this case, lifted the stay and directed the parties to submit a joint discovery plan, which they did on June 24. Report of Parties' Planning Meeting (ECF No. 43). In that joint Report, both sides agreed that "[t]he last date to complete all discovery is <u>July 26, 2021</u>. *Id*., p. 2 (underlining in original). The point of all of this is to illustrate that this case is in its infancy, given that discovery has only recently commenced. It is unusual for a party to seek

summary judgment at such an early stage, but Black believes she is entitled to summary judgment even without the benefit of discovery. The Defendants, rather than file a new motion to strike, filed their response in opposition to Black's Amended Motion, stating that:

> In lieu of filing another motion to strike based on Plaintiff's continued failure to comply with the rules of this Court, Defendants file their below response to Plaintiff's wholly improper Amended Motion. Defendants do so in order to address Plaintiff's baseless allegations and preserve the Court's time and resources.

Defendants' Response (ECF No. 44), p. 2. The Defendants still assert, as they did in their motion to strike, that Black's motion is defective because it does not comply with the provisions of Federal Rule 56, but they proceed to address the merits of the motion (or lack thereof) rather than simply moving to strike it. Given the Court's conclusion that Black's motion lacks merit and must be dismissed, the deficiencies in Black's pleadings (which are numerous, as the Defendants point out at pages six through eight of their response), need not be addressed.

The Defendants argue that Black's motion is wholly without merit and should be denied for the following reasons:

> In her Amended Motion, Plaintiff fails to present undisputed material facts in support of her Amended Motion. . . . Rather, as affirmatively stated by Plaintiff, Defendants dispute the material issues of fact presented in Plaintiff's Amended Motion. . . . All of the evidence cited by Plaintiff in her Amended Motion clearly demonstrates the existence of genuine issues of material fact. Plaintiff's speculative and self-serving statements cannot change this. As Plaintiff's Amended Motion for Summary Judgment evinces a fundamental misunderstanding of summary judgment, Plaintiff's Amended Motion must be denied.

*Id*. The Defendants' argument is correct. Although Black captioned her pleading as a motion for summary judgment, in actuality it is nothing more than a lengthy reiteration of her allegations and factual assertions. Black simply restates her allegations of housing discrimination, reiterates

4

the underlying facts that she believes support those allegations, and concludes that by doing so she has proved her claim as a matter of law. But as the Defendants' argue, Black's motion unwittingly serves to *reveal and highlight* disputed issues of material fact, instead of presenting evidence supporting her argument that none exist.

     A few excerpts from Black's brief in support of her motion make this clear. For example, Black contends that the Defendants intentionally failed to repair the air conditioner in Black's apartment, forcing her to live "without air condition[ing] for days in extreme heat[,]" in an effort to force her to leave her home. Plaintiff's Brief in Support (ECF No. 40-1), p. 3. The Defendants respond by stating that they "do not dispute that during the summer of 2016 [Black's] HVAC unit malfunctioned. Defendants dispute any and all allegations suggesting it intentionally failed to repair [Black's] HVAC Unit." Defendants' Response, p. 3. Black claims the Defendants are lying. That is a fact issue, the resolution of which requires a credibility determination. Black also alleges that the Defendants wrongly accused her of having unauthorized residents in her apartment. In support of this allegation, Black contends that "ALL immediate neighbors were polled and stated that either they never knew the plaintiff or that they knew no one entered SB's apartment except her daughter from time to time." Plaintiff's Brief in Support, p. 15 (capitalization in original). This purported evidence, as the Defendants point out, "fails to support this allegation with evidence from the record and therefore this fact remains disputed." Defendants' Response, p. 3. The Defendants also "deny that this is a material fact; whether Plaintiff's previous neighbors did not see unauthorized occupants enter Plaintiff's apartment is irrelevant." *Id*. This purported evidence is also hearsay. For these reasons, it does not support Black's motion for summary judgment.

5

Black also alleges that the Defendants surreptitiously introduced bed bugs into her apartment in an effort to force her to move. Plaintiff's Brief in Support, pp. 23-24. She contends that in July of 2017, the Defendants "planted bed bugs" in her apartment. Her "proof" of this allegation is her assertion that Defendant Naomi Friedrichsen "entered [her apartment] during mandatory inspections and placed a tiny SMALL amount of bugs" in her apartment. *Id*., p. 25. Black did not witness this alleged conduct, but argues that her conclusion must be right because she "never had a problem with bed bugs the entire tenancy" until the day Naomi Friedrichsen entered her apartment for an inspection, and that white neighbors did not have bed bugs in their apartments.

Black also argues that she "presents numerous factual evidence that prove it impossible for the parties of the defense to have behaved in good-faith. The claim made by the defense that Sandra Black caused their actions against her are impossible to be true; where not impossible it is to the preponderance of the evidence untrue that SB caused the bad treatment." *Id*., p. 2. In support of this argument, Black submitted two statements from previous landlords, both stating that "there was absolutely no detectable 'unfit' or abnormal behavior observed in the manner at which Sandra Black operated and functioned in my rental property during the time that I owned it." Plaintiff's Brief, pp. 33 and 34. These statements, both dated July 24, 2013 (more than two years before Black entered into the lease with Hunters Run), were filed in the Grant County Superior Court in a guardianship proceeding involving Black's mother. Issues of hearsay and relevance aside, Black claims that this "evidence" proves she was a good tenant during the time she resided at Hunters Run, and so the Defendants must be lying about her alleged lease violations. Once again, her argument is conclusory and speculative. Black *concludes* that the

6

Defendants' actions were discriminatory but that conclusion is based on her *speculation* about the Defendants' motives. Again, the Defendants do not deny that they issued various warnings to Black about lease violations or that they filed an unsuccessful eviction proceeding against her; but they do deny that those actions were discriminatory. Black insists that the fact that she prevailed in the eviction proceeding (during which, she insists, the Defendants presented false and perjured testimony) is proof that the Defendants' actions were really the result of race discrimination. This is the problem with Black's motion–it is based, as the Defendants rightly contend, on "conclusory assertions, conjecture and self-serving statements." Defendants' Response, p. 7.

Finally, the Defendants also point out that in her brief in support of her motion, Black expressly states that "'there can be no statement of undisputed facts as the defense admits no wrong doing. . . .'" Defendants' Response, p. 7 (quoting Plaintiff's Brief in Support, p. 11). The Defendants insist that since "Plaintiff admits that Defendants dispute issues of material fact . . . Plaintiff's Amended Motion must be denied as a matter of law." *Id*. Despite Black's express (if unwitting) concession that most of the underlying facts in this case are disputed, she nonetheless insists that she has "[shown] extreme, willful, and malicious intent to harm by the defendants without a cause." Plaintiff's Motion, p. 7. But that is a legal conclusion, which is insufficient to support a motion for summary judgment.

The Defendants are correct that ". . . Plaintiff's self-serving statements and baseless speculation fail to provide factual support of [her] allegations." Defendants' Response, p. 7. It bears repeating that "[a] court's role in deciding a motion for summary judgment 'is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe.

7

The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial.'" *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Summary judgment is not a substitute for a trial on the merits nor is it a vehicle for resolving factual disputes. *Id*. "Therefore, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact-finder could find for the party opposing the motion, summary judgment is inappropriate." *Mudd v. City of New Haven, Indiana*, 196 F.Supp.3d 882, 885 (N.D. Ind. 2016) (citations omitted). A court "'need not accept as true a plaintiff's *characterization* of the facts or a plaintiff's legal conclusion[s].'" *Harper v. United States Beef Corp.*, 2018 WL 3863526, at *4 (C.D. Ill. July 23, 2018) (citing *Nuzzi v. St. George Cmty. Consol. Sch. Dist. No. 258*, 688 F.Supp.2d 815, 835 (C.D. Ill. Feb. 23, 2010) (italics in original).

  Black's Complaint, motion for summary judgment, and brief in support all contain many more conclusory statements, most all of them based on speculation and conjecture. The Defendants do not dispute that they issued written warnings to Black on several occasions for alleged lease violations or that they attempted to evict her. What they dispute is Black's conclusion that their actions were motivated by discriminatory animus. Since Black's pleadings are replete with disputed issues of fact, her motion for summary judgment must be denied.

  As the Court explained at the outset, this case is in its infancy. The parties submitted an agreed Report of the Parties' Planning Meeting setting a discovery deadline of July 26, 2021. The discovery stage of this litigation commenced only weeks ago when the Magistrate Judge lifted the temporary stay. The Defendants have the right to proceed with discovery, *as does* Ms. Black. The evidentiary record is undeveloped (nonexistent, in fact), which means the Court could not

possibly rule on a motion for summary judgment at this juncture regardless of which party filed it. After the close of discovery, when the evidentiary record is developed, either side can file a dispositive motion if they determine one is warranted, that is, supported by that evidentiary record. And, importantly, the discovery process benefits all parties–including Black–since it not only provides a proper evidentiary record, but also serves to elucidate the parties' claims, factual disputes and legal arguments. In this respect, Black's motion jumps the gun and, as the Defendants point out, "evinces a fundamental misunderstanding of summary judgment."

## CONCLUSION

For the reasons discussed above, the Amended Motion for Summary Judgment filed by Plaintiff Sandra Black (ECF No. 40) is DENIED.

Date: July 24, 2020.

  /s/   William C. Lee  
William C. Lee, Judge  
U.S. District Court  
Northern District of Indiana