UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SANDRA BLACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-00307-WCL-SLC |
| | ) |
| NAOMI FRIEDRICHSEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINON AND ORDER

Before the Court is a motion filed by *pro se* Plaintiff on November 18, 2020, requesting that the Court grant her an "available" permanent ten-day extension to seek an extension from any future Court-imposed deadlines, and that the Court "remove any and all reprimand" for disobeying a Court order. (ECF 78 at 1). For the following reasons, both of Plaintiff's requests are DENIED.

*A. Background*

By way of background, Plaintiff's request arises from an ongoing discovery dispute among the parties. On October 19, 2020, Plaintiff filed a motion to compel Defendants to more fully respond to her discovery requests as well as for sanctions against Defense counsel. (ECF 69). After receiving several *ex parte* calls and emails from both parties, the Court entered an Order reminding the parties to file any requests for a Court order as a motion on the record in accordance with Federal Rule of Civil Procedure 7(b)(1) and reiterating the briefing schedule on the motion to compel in accordance with Local Rule 7-1(d)(3). (ECF 70). On November 2, 2020, Defendants filed a timely response (ECF 71) to the motion to compel as well a separate motion to compel seeking a Court order requiring Plaintiff to appear at her deposition (ECF 72, 73). On November 9, 2020, the day Plaintiff's reply to the initial motion to compel was due, the

1

Court received another *ex parte* email from Plaintiff requesting an extension to her deadline to file her reply. (ECF 74-1). That same day, the Court entered an Order denying the extension, again explaining that it "will not consider, or respond to, *ex parte* communications to the Court or its staff," and admonishing Plaintiff to file her request as a motion. (ECF 74).

On November 18, 2020, Plaintiff filed the instant motion requesting an "available" permanent extension of ten days "in order to write a motion to request [an] extension of time, mail it, and [for] the [C]ourt to respond." (ECF 78 at 1). In other words, Plaintiff appears to be seeking the Court's approval to file a belated motion for an extension up to ten days after a deadline has passed. In support of her request, Plaintiff asserts that she has multiple health issues which prevent her from timely responding to Court filings and that she is litigating other cases in state court and homeschooling her grandchildren. (*Id.* at 2-3). She further asserts that copies of Defendants' court filings are often delivered late. (*Id.* at 3). Finally, Plaintiff requests that the Court "remove" its prior admonishment regarding *ex parte* communications, because she was not aware that she could not email the Court directly. (*Id.* at 3). She contends that she was unaware of the Court's prior warning concerning *ex parte* communications because she never read the text of the Court's prior Order—instead relying on the order's accompanying docket entry which merely summarized the briefing schedule on the initial motion to compel. (ECF 78-1 at 6). In fact, Plaintiff asserts—and includes an exhibit showing—that she received a copy of the Court's order postmarked November 2, 2020, but she never opened it. (*Id.*; ECF 78-2 at 4).

*B. Analysis*

As to Plaintiff's request that the Court "remove" its admonishment, an admonishment is merely a firm warning to the parties—it is not a mark against Plaintiff that can be taken away. Further, as the Court explained in its past two Orders on the matter, the Federal Rules of Civil Procedure require that any request for a court order be made by a motion. (ECF 70 at 1; ECF 74

2

at 1).  In other words, the Court's prior Order (ECF 70) does not impose any new obligation on either party.  Rather, the Order simply reiterates the standard that all parties before the Court—including parties proceeding without an attorney—are required to follow.  *See Lopez v. St. Johns Cmtys. Inc.*, No. 08-CV-123, 2009 WL 159257, at *1 (E.D. Wis. Jan. 22, 2009) ("While the court recognizes that a *pro se* litigant's pleadings are to be liberally construed, *pro se* litigants remain bound by the same Federal Rules of Civil Procedure as any other litigant.").  Similarly, the possible consequence of noncompliance with the Court's Orders or the Federal Rules—including the involuntary dismissal of this case—would have existed with or without the Court's warning.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").  As such, because the Court's admonishment merely reiterated the rules Plaintiff was already bound to follow, there is no need to remove or otherwise retract it.

Furthermore, Plaintiff's assertion that she only read the docket entry accompanying the Court's Order, but not the Order itself, is not an excuse for her noncompliance.  As mentioned, Plaintiff is bound to follow the Federal Rules of Civil Procedure the same as any attorney, and courts have consistently found sanctions under the Federal Rules appropriate when lawyers have relied solely on the text of docket entries rather than actual court orders.  *See, e.g., Brehmer v. Rolls Royce Corp.*, No. 1:19-cv-02470-JPH-TAB, 2019 WL 6715387, at *3 (S.D. Ind. Dec. 10, 2019) ("Wilson's blatant disregard for the content of the Court's order reflects the troubling practice of lawyers not personally reading Court orders in their entirety, or, as it appears occurred in this case, simply reading the text of a Court entry on CM/ECF but failing to click on and read the order itself.").  While the Court is certainly sympathetic to Plaintiff's health issues and other responsibilities, she still has a duty to prosecute her case.  At a bare minimum, this includes reading and responding to the Court's Orders.

3

As to Plaintiff's other request, that she be allowed to move for an extension of up to ten days after a deadline has passed to seek an extension to that deadline, her request is denied because the Federal Rules already largely contemplate the relief she requests. It is not clear from Plaintiff's request whether she is seeking a "permanent extension" limited solely to motion practice deadlines or whether it includes other deadlines established pursuant to Federal Rule of Civil Procedure 16. Such a distinction, however, is of little importance. Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), the Court may grant an extension to a motion practice deadline—before that deadline has passed—upon a showing of good cause. Similarly, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), the Court can grant an extension "on motion made after the time has expired if the party failed to act because of excusable neglect." As to other deadlines imposed by the Court's scheduling order, Federal Rule of Civil Procedure 16(b)(4) allows a deadline established by the Court's scheduling order to be modified "for good cause and with the judge's consent."

When considering whether "good cause" exists to extend a deadline, "the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Conversely, when considering whether a party failed to meet a deadline due to "excusable neglect," the Court may consider "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

In sum, the relief Plaintiff requests—ability to move for an extension after a deadline has passed—already exists under the Federal Rules of Civil Procedure. If Plaintiff believes that she is unable to meet a certain motion practice deadline, and good cause exists to extend that

4

deadline, it is incumbent on her to seek an extension and ensure that it is filed within the applicable deadline. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 604-05 (7th Cir. 2006) ("The posting of papers addressed to the clerk's office does not constitute 'filing' under Rule 5[(d)(2)]. Unlike some state court rules the Federal Rules of Civil Procedure do not authorize filing to be accomplished by deposit of papers in the mail." (footnote omitted)).[1] If Plaintiff fails to seek an extension before the deadline, she can still move for an extension after the deadline by showing her delay was due to excusable neglect. There is no need to modify these procedures established by the Federal Rules which—as already discussed—Plaintiff is required to comply with. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2007).

### C. Conclusion

In conclusion, the Court sees no need to retract its prior admonishment or modify the existing rules regarding deadline extensions. Accordingly, Plaintiff's motion (ECF 78) is DENIED.

SO ORDERED.

Entered this 2nd day of December 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[1] The Seventh Circuit Court of Appeals in *Raymond* originally referred to Federal Rule of Civil Procedure 5(e). However, in 2007 "[t]he language of Rule 5 [was] amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules." Fed. R. Civ. P. 5 advisory committee's note to 2007 amendment. As part of this stylistic change, the substantive provisions of the former Rule 5(e) were moved to the current version of Rule 5(d). *See HMBI, Inc. v. Schwartz*, No. 1:06-CV-24-TS, 2008 WL 2600150, at *1 n.1 (N.D. Ind. June 26, 2008).