UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SANDRA BLACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-00307-WCL-SLC |
| | ) |
| NAOMI FRIEDRICHSEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINON AND ORDER

Before the Court is a motion for sanctions filed by Defendants on February 18, 2021, requesting the Court dismiss this case in response to *pro se* Plaintiff's alleged noncompliance with prior Court Orders. (ECF 87). On February 22, 2021, Plaintiff filed a response to the motion for sanctions (ECF 97), as well as a "Motion to Remove Erroneous Conclusions and Bias Against Plaintiff." (ECF 96). The parties have now fully briefed each motion (ECF 97-100), and they are both ripe for adjudication. For the following reasons, both motions (ECF 87, 96) will be DENIED.

Also, before the Court is a "Request for Direction by the Court" filed by Plaintiff requesting the Court's "advice" on a variety of topics, as well as stating her preference that an attorney take over her case. (ECF 101). For the following reasons, Plaintiff's request (ECF 101) will be DENIED to the extent Plaintiff seeks the Court's assistance with litigating this case and DENIED WITHOUT PREJUDICE to the extent Plaintiff is requesting a court-recruited attorney.

*A. Background*

The factual and procedural background of this case has been discussed at length in the Magistrate Judge's January 9, 2021, Order on the parties' motions to compel (ECF 80) and the District Judge's February 15, 2021, Order on Plaintiff's "Request for Substantiation of Order"

(ECF 86). Briefly, though, Defendants' motion for sanctions and Plaintiff's "Motion to Remove Erroneous Conclusions and Bias Against Plaintiff" arise from a dispute regarding the sufficiency of Defendants' discovery responses and Plaintiff's refusal to attend her own deposition.

After Plaintiff filed a motion to compel alleging Defendants failed to properly respond to her discovery requests (ECF 69), Defendants filed a separate motion seeking to compel Plaintiff to attend her deposition (ECF 72). After both motions were fully briefed (*see* ECF 71, 73, 75-77), the Magistrate Judge entered an Order denying Plaintiff's motion to compel and granting Defendants' motion to compel (ECF 80). Therein, Plaintiff was "ORDERED . . . to work with Defendants to schedule a deposition within 21 days of [that] Order." (*Id.* at 25). Plaintiff had also filed a motion requesting a permanent extension of motion practice deadlines (ECF 78), which was denied in a separate Order (ECF 79).

Apparently unhappy with these rulings, on February 8, 2021, Plaintiff filed a "Request for Substantiation of the Order" (ECF 84) taking issue with the Orders denying her motion to compel (ECF 80) and motion for a permanent extension (ECF 79). The District Judge interpreted Plaintiff's request as an objection to the Magistrate Judge's Orders brought pursuant to Federal Rule of Civil Procedure 72(a) (ECF 86 at 1), and accordingly, reviewed whether the Orders were "clearly erroneous or contrary to law." Fed. Civ. R. P. 72(a). Ultimately, the District Judge found that the Orders were not clearly erroneous or contrary to law and overruled Plaintiff's objection. (ECF 86 at 6).

On February 18, 2021, Defendants filed their motion for sanctions contending that Plaintiff failed to comply with the Order to attend her deposition. (ECF 87). In support of their motion, Defendants assert that their counsel initially reached out to Plaintiff via email in an attempt to schedule her deposition. (ECF 88 at 2; ECF 89-1). After Plaintiff failed to respond, Defendants filed a notice of deposition (ECF 83)—scheduling the deposition to occur on

February 8, 2021, via video teleconference—and again reached out to Plaintiff via email (ECF 88 at 2; ECF 89-2).  On February 3, 2021, Defendants' counsel emailed the details of the noticed deposition to Plaintiff, who responded that she would not participate because she was celebrating Black History Month and would not be available until the second week of March.  (ECF 88 at 2; ECF 89-3; ECF 89-4).  When Defendants' counsel asserted that Plaintiff was violating the Court's Order by refusing to participate in her deposition, Plaintiff responded that she interpreted the Order as only requiring that the parties schedule a deposition within twenty-one days—not that the deposition actually occur during that time.  (ECF 88 at 2-3; ECF 89-3).  After Plaintiff failed to appear for her noticed deposition—despite receiving multiple emails from Defendants' counsel and speaking with her on the telephone—Defendants filed the present motion for sanctions.  (ECF 87; ECF 88 at 3; ECF 89-5).

Similar to her contentions during the discovery dispute—Plaintiff contends that Defendants' continued attempts to schedule her deposition and refusal to reschedule it until the second week of March amounts to harassment.  (ECF 89-5; ECF 89-6).  Plaintiff further contends that she was too busy to respond to Defendants' initial attempts to schedule her deposition, and that Defendants acted in bad faith in refusing to reschedule the deposition to mid-March.  (ECF 97).

Finally, in her "Request for Direction by the Court," Plaintiff seeks the Court's advice on a variety of topics including potential dispositive motions, discovery, and managing the cost and fees of federal litigation.  (ECF 101).  She also states that she "would prefer an attorney to assist or actually take over this case."  (*Id.* at 2).

### B.  Defendants' Motion for Sanctions

Defendants are requesting that Plaintiff's case be dismissed as a sanction for failing to attend her deposition pursuant to Federal Rules of Civil Procedure 37 and 41.  (ECF 87, 88).

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v), if a party "fails to obey an order to provide or permit discovery" the Court may issue sanctions including "dismissing the action or proceeding in whole or in part." Similarly, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Involuntary dismissal, however, is an extreme sanction which should be used sparingly. *See Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998). "[A] court should dismiss a case pursuant to Rule 41 only when there exists a clear record of delay or contumacious conduct or when less drastic sanctions have proven ineffective." *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177 (7th Cir. 1987). Further, "unlike a Rule 41(b) dismissal, a Rule 37(b) dismissal requires both a failure to comply with a discovery order and a showing of willfulness, bad faith or fault." *Id.* at 1179.

Here, Plaintiff's conduct in responding to Defendants' attempts to schedule her deposition were certainly less than exemplary. While the Court understands that Plaintiff is proceeding *pro se* and has other commitments, it is incumbent on her to respond to Defendants' counsel in a timely and civil manner. Nevertheless, the record suggests that Plaintiff's failure to attend her deposition is at least in part due to a misunderstanding of the Court's January 9, 2021, Order. (*See* ECF 89-3 at 2-3). Plaintiff's reading of the Order—that it only required the parties to choose a date for the deposition within twenty-one days rather than actually conduct the deposition within that time period—is not entirely unreasonable. While there are certainly better ways of handling a disagreement regarding the requirements of a Court Order, Plaintiff's misinterpretation does not suggest that she acted in "bad faith." Further, it is not clear that a "less drastic" sanction than dismissal would be ineffective in this instance. Accordingly, Defendants' motion for sanctions will be DENIED.

That being said, as already explained, Defendants have a right to depose Plaintiff, and Plaintiff has advanced no grounds in support of postponing or preventing her deposition. (ECF 80 at 20-22). Therefore, Plaintiff will be ordered to work with Defendants to schedule and complete her deposition within twenty-one days of this Order. While the Court will entertain a request to extend this deadline by Defendants, the Court will not—absent extraordinary circumstances—grant Plaintiff any further extensions.

C. *Plaintiff's Motion to Remove Court Erroneous Conclusions and Bias Against Plaintiff*

In her motion, Plaintiff asserts that "[t]here are erroneous conclusions and biased conclusions throughout court proceedings against [her]," resulting in rulings "always in favor of the [D]efendants and harmful against [P]laintiff." (ECF 96 at 1). In the event that Plaintiff is alleging judicial bias or misconduct necessitating recusal or disqualification, her motion is unfounded. As a general principle, unfavorable judicial rulings alone are not a basis for recusal or disqualification under 28 U.S.C. §§ 144 or 455. *See Lindell v. Casperson*, No. 02-C-473-C, 2004 WL 3053632, at * 1 (W.D. Wis. Dec. 27, 2004) (collecting cases); *see also Straw v. City of South Bend*, No. 3:16-CV-342-JD, 2016 WL 6996047, at *1 (N.D. Ind. Nov. 30, 2016) ("[T]hose rulings were made on the merits of the claims alleged in the judicial record and nothing more. . . . Because my unfavorable rulings alone do not suffice to establish judicial bias or misconduct, such relief is DENIED." (internal citations and quotation marks omitted)). Therefore, to the extent Plaintiff's motion could be construed as a motion to recuse, it is without merit.

Presumably, Plaintiff's motion could also be construed as a motion for reconsideration— "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." *Hope v. United States*, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). In general though, "[a] district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's

5

arguments, or when the court overreaches by deciding an issue not properly before it." *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). But Plaintiff does not identify any new facts or law; rather, she largely raises the same arguments raised in her "Request for Substantiation."

To the extent Plaintiff is attempting to raise new arguments not previously raised in her "Request for Substantiation," these are untimely and should have been raised in her initial request to review the Magistrate Judge's prior orders. "This is because '[t]o hold otherwise . . . would allow [p]laintiffs to circumvent the time limitation included in Rule 72(a)' and undermine important interests of fairness, efficiency, and finality." *Collier v. Caraway*, No. 2:14-CV-00365-JMS-MJD, 2017 WL 1077650, at *1 (S.D. Ind. Mar. 22, 2017) (alterations in original) (quoting *Bro-Tech Corp. v. Thermax, Inc.*, No. 05-CV-2330, 2007 WL 2234521 (E.D. Pa. Aug. 2, 2007) (denying a motion for reconsideration raising arguments that should have been raised in a Rule 72 objection)). Similarly, to the extent that Plaintiff is attempting to expand on her arguments raised in her "Request for Substantiation" which were already rejected by the District Judge, a motion for reconsideration would still be improper. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Accordingly, Plaintiff's "Motion to Remove Court Erroneous Conclusions and Bias Against Plaintiff" (ECF 96) will be DENIED.

### D. Plaintiff's "Request for Direction by the Court"

To the extent that Plaintiff is requesting the Court's assistance in motion practice, crafting discovery requests, or overall litigation strategy, her request (ECF 101) will be summarily denied. These are all duties typically handle by a party's attorney. But "[t]he court can only rule on the motion a party files; it cannot serve, in effect, as the lawyer for one side or the other." *Art*

*Akiane LLC. v. Art & SoulWorks LLC*, No. 19 C 2952, 2020 WL 6733681, at *2 (N.D. Ill. Nov. 5, 2020).

As to Plaintiff's "preference" that an attorney "assist or actually take over this case" (ECF 101 at 2), her request for court-recruited counsel will be denied without prejudice. Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (citing *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995)). Rather, district courts are empowered to recruit an attorney to represent a plaintiff without charge when she is "unable to afford counsel."[1] 28 U.S.C. § 1915(e)(1). The Seventh Circuit Court of Appeals has instructed that several factors should be weighed by the district court when determining whether recruitment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it herself. *Pruitt*, 503 F.3d at 654-58.

The second portion of this inquiry, stated another way, is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). Factors to be considered include "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Pruitt*, 503 F.3d at 655. Finally, in conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to *litigate* [her] own claims, given their degree of difficulty, and this includes

---

[1] Plaintiff is proceeding *in forma pauperis* (ECF 2, 3)—a prerequisite for receiving recruited counsel, *see Hairston v. Blackburn*, No. 09-cv-598-MJR, 2010 WL 145793, at *10 (S.D. Ill. Jan. 12, 2010)

the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.*

As to the first factor, this Court typically requires that a *pro se* plaintiff contact at least three attorneys concerning her case before further considering whether to recruit counsel on her behalf. *See, e.g.*, *Pollard v. Meadows*, No. 1:15-cv-00330-RLM-SLC, 2016 WL 128531, at *1 (N.D. Ind. Jan. 11, 2016). In her request, Plaintiff asserts that she and friends have "called numerous attorneys . . . to no avail." (ECF 101 at 2). Plaintiff, however, does not state how many attorneys she has contacted, the dates of such contact, or the names of the attorneys. Consequently, there is no basis for determining whether Plaintiff has in fact made a "reasonable attempt" at securing counsel. *See Jackson*, 953 F.2d at 1073 ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Accordingly, if Plaintiff chooses to renew her request for recruited counsel, she should identify at least three attorneys she has contacted and the dates on which she contacted them.

As to the second factor, the Court notes that Plaintiff is a chemical engineer (ECF 17 at 14), and is clearly literate—having now filed hundreds of pages of material in federal court (*see, e.g.*, ECF 36, 40, 47, 69, 78). Further, Plaintiff is at least somewhat familiar with the litigation process, having now survived a motion to dismiss (ECF 14) and apparently litigating or assisting in two state court cases (ECF 78 at 2). That being said, Plaintiff has also alleged that she is disabled, suffers chronic illness, and is at least partially responsible for childcare (ECF 78). But because Plaintiff's request for counsel will be DENIED because she has not contacted at least three attorneys about her case, the Court need not reach the question of Plaintiff's competence to litigate this matter at this point. If Plaintiff chooses to renew her request for recruited counsel,

she should explain why—given her background and the difficulties of this case—she is unable to competently represent herself in this matter.

*E. Conclusion*

In summary, Defendant's motion for sanctions (ECF 87) and Plaintiff's Motion to Remove Court Erroneous Conclusions and Bias Against Plaintiff (ECF 96) are DENIED. Plaintiff is ORDERED TO ATTEND AND COMPLETE HER DEPOSITION WITHIN TWENTY-ONE DAYS OF THIS ORDER. Failure to do so may result in further sanctions, up to an including, the involuntary dismissal of this lawsuit. Further, Plaintiff's "Request for Direction by the Court" (ECF 101) is DENIED to the extent that Plaintiff is requesting the Court advise her of how to litigate her case. To the extent the "Request for Direction by the Court," (ECF 101) is a request for recruited counsel, it is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Entered this 19th day of April 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Jude

9