**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **SANDRA BLACK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:19-cv-00307-TLS-SLC** |
| | ) | |
| **NAOMI FRIEDRICHSEN, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>OPINION AND ORDER</u>

Before the Court are multiple motions filed by *pro se* Plaintiff including a motion seeking to terminate her deposition (ECF 148), a "Motion to Place Defendants in Contempt of Court and Eliminate Felicia Ogunbuyide as a Person Living in Plaintiff's Home" (ECF 149), a motion requesting the Court "discipline" Defendants' attorney (ECF 154), a motion seeking to compel Defendants to answer a series of "follow-up" interrogatories (ECF 156), and a "Motion to End Bad Faith Practice and to Deny Motion to Extend Time" (ECF 157). For the reasons explained *infra*, each of Plaintiff's motions (ECF 148, 149, 154, 156, 157) will be DENIED.

Also before the Court are two motions—an initial motion and an amended motion—filed by Defendants requesting Plaintiff be sanctioned for her failing to complete her deposition, or in the alternative, seeking to compel Plaintiff to complete her deposition and to extend case management deadlines. (ECF 159, 162). As explained below, the initial motion (ECF 159) will be DENIED AS MOOT, but the amended motion (ECF 162) will be GRANTED IN PART. Defendants also filed a motion requesting a hearing on their amended motion for sanctions (ECF 167) which will be DENIED AS MOOT in light of this Opinion and Order, but subject to renewal if necessary.

Finally, before the Court is Defendants' fee request as detailed in their attorney's affidavit (ECF 82), filed in response to the Court's January 19, 2021, Opinion and Order (ECF 80) on the parties' motions to compel (ECF 69, 72). Defendants' fee request as detailed in the affidavit (ECF 82) will also be GRANTED IN PART for the reasons detailed herein.

### A. Plaintiff's Motion to Terminate Deposition (ECF 148)

I. Background

On September 27, 2021, Plaintiff filed her first motion seeking to discontinue any further deposition of herself, alleging that Defendants have exceeded the time permitted by Federal Rule of Civil Procedure 30 by not permitting her to "send questions to the [court] reporter for cross-examination." (ECF 148 at 1). She further alleges that her health and anxiety issues preclude her from continuing with her deposition and accuses Defendants of lying and misleading her about the nature of the deposition. (*Id.* at 2-3). Defendants, in response, contend that the deposition has been delayed by Plaintiff's own insistence on taking breaks and that the deposition has yet to exceed the time permitted by the Federal Rules and this Court's Scheduling Order. (ECF 152 at 3-4).

By way of background, the disputes concerning Plaintiff's deposition have been ongoing more than a year at this point. Plaintiff's deposition was initially scheduled for October 22, 2020. (ECF 65). Plaintiff, however, stated that she was "incapable of attending [the scheduled] deposition" because Defendants had allegedly not been forthcoming with their own discovery responses. (ECF 73-2). Unsurprisingly, Defendants filed a motion to compel Plaintiff to attend her deposition (ECF 72), which the Court granted on January 19, 2021, noting that Plaintiff's position had "no basis in the law" (ECF 80 at 21 (quoting *Williams v. Biomet, Inc.*, No. 3:12-MD-2391RLM-MGG, 2019 WL 6117594, at *3 (N.D. Ind. Nov. 15, 2019))). In doing so, the

Court also denied Plaintiff's own motion to compel (ECF 69), and provisionally granted Defendants' counsel's fee request—directing counsel to file an affidavit detailing her fee calculation so the Court might determine whether the request was reasonable (ECF 80 at 22-25). The Court also ordered Plaintiff "to work with Defendants to schedule a deposition within 21 days of [that] Order." (*Id.* at 25).

Defendants ultimately filed a motion for sanctions contending that Plaintiff failed to comply with the Court's January 19, 2021, Opinion and Order in that Plaintiff refused to conduct a deposition until mid-March. (ECF 88 at 2). Plaintiff in response contended that the Court's Opinion and Order only required her to *schedule* the deposition within twenty-one days, but not that she must complete it within that time. (ECF 88 at 2-3; ECF 89-3). The Court, recognizing the apparent ambiguity of its instruction, entered another Order on April 19, 2021, denying the motion for sanctions but ordering Plaintiff to "schedule and complete her deposition within twenty-one days of [that] Order." (ECF 102 at 5). Accordingly, Defendants again noticed a deposition of Plaintiff for May 6, 2021. (ECF 103).

Plaintiff attended her May 6, 2021, deposition but after she requested that it be postponed due to medical issues, it was continued to May 18, 2021. (ECF 126, 127). On May 18, 2021, however, Plaintiff refused to complete her deposition—asserting that she was "done" and "tired." (ECF 127 at 41). Defendants then moved for an extension of the Court's case management deadlines so they could attempt to complete the Plaintiff's deposition. (ECF 108). Plaintiff, in response, argued that no extension was necessary, contending that she objected to continuing the deposition because she felt the deposition was increasing her anxiety and because she felt Defendants' counsel's questions were not relevant. (ECF 111). The Court ultimately granted Defendants' motion for an extension at a hearing in which it explained that Plaintiff cannot

unilaterally stop her deposition but must file a motion pursuant to Federal Rule 30 seeking to terminate it. (ECF 142; ECF 143 at 3). Accordingly, on September 17, 2021, Defendants filed a new notice scheduling Plaintiff's deposition for September 28, 2021 (ECF 147), prompting the present motion (ECF 148).

## II.  Legal Standard

Depositions of parties are governed by Federal Rule of Civil Procedure 30. Pursuant to Rule 30(d)(1), "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." That being said, "[t]he court must allow additional time consistent with [Federal Rules of Civil Procedure] 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). That being said, "[o]nly the time taken for the actual deposition, not breaks, counts toward the 7 hours . . . . " *United States ex rel. Baltazar v. Warden*, 302 F.R.D. 256, 267 (N.D. Ill. 2014) (quoting *Condit v. Dunne*, 225 F.R.D. 100, 112 (S.D.N.Y. 2004)). "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3).

## III.  Analysis

As mentioned, Plaintiff contends that Defendants have used up the time permitted to depose her. By her count:

> [T]he first deposition on 5/6/21 was held from 11:17AM to 2:29PM and the second deposition on 5/18/21 was held from 11:08AM to 2:35PM. This shows that 3 hours and 12 minutes was dissolved in the first deposition FORCING PLAINTIFF to suffer over time and the second deposition lasted 3 hours and 27 minutes . . . .

(ECF 148 at 1). Accordingly, she contends that she has been deposed 6 hours and 39 minutes and the remaining 21 minutes should be reserved for cross-examination. (*Id.* at 2).

What Plaintiff misses, however, is that her deposition transcripts show that breaks were taken during both of her depositions. (ECF 126 at 19 (16-minute recess); ECF 127 at 16 (5-minute recess), 25 (9-minute recess)). Accordingly, it appears that Plaintiff has only been deposed 6 hours and 9 minutes—leaving 51 minutes available. Still more, Plaintiff appeared to delay the deposition by refusing to answer questions and questioning counsel about the purpose of her questions and Plaintiff's own depositions. (ECF 126 at 5, 13, 19, 24-26; ECF 127 at 9, 16, 18-19, 23-24, 26, 30-31, 39).

Plaintiff's contention that she should be permitted time to cross-examine herself is also unfounded. Cross-examination is "[t]he questioning of a witness . . . by the party opposed to the party in whose favor the witness has testified" with the purpose typically of discrediting a witness by "bringing out contradictions and improbabilities in earlier testimony . . . ." CROSS-EXAMINATION, Black's Law Dictionary (11th ed. 2019). Even though Defendants noticed the deposition of Plaintiff, she testified in favor of herself. It therefore makes no sense to allow Plaintiff to testify again in an attempt to discredit or clarify her prior testimony. In any event, if Plaintiff wants to contextualize or challenge her testimony at the summary judgment stage, she may file an affidavit in an attempt to do so. *See Adams v. Retail Ventures, Inc*., 325 F. App'x 440, 443 (7th Cir. 2009) ("[Adams] complains that the district judge should have 'suppressed' his deposition because he was not given an opportunity to cross-examine himself, but Adams could have submitted an affidavit to clarify any answers.").

Additionally, courts have permitted one party to utilize the full seven hours of time permitted by the rules, without allowing time for cross-examination. *See, e.g., United States ex*

*rel. Baltazar v. Warden*, 302 F.R.D. 256, 267 (N.D. Ill. 2014) ("Defendants may therefore continue Baltazar's deposition . . . for a total duration of seven hours as permitted by the Rules. Baltazar's counsel may ask follow-up questions at the conclusion of Defendants' continued examination of Baltazar."); *see also Alexander v. F.B.I.*, 192 F.R.D. 20, 23 (D.D.C. 2000) (denying the defendant's request to limit direct examination during a deposition to three hours to allow for cross-examination, noting the Court "will not start down the road of micro-managing every detail of a deposition"). Given that Plaintiff repeatedly refused to answer Defendants' counsel's questions—asserting that they were irrelevant— allowing Defendants to finish their questioning is appropriate. *See Crabtree v. Angie's List, Inc.*, No. 116CV00877SEBMJD, 2017 WL 3720192, at *3 (S.D. Ind. Aug. 28, 2017) ("Although Plaintiffs contend only minutes remain of the seven-hour allotment of deposition time for each Plaintiff, this argument is inconsequential given the amount of time wasted by Plaintiffs' counsel's lengthy and meritless objections in the excerpts provided to the Court.").

Plaintiff's reference to her anxiety is similarly unpersuasive. While Plaintiff's health situation is certainly relevant, *see generally* 8A Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 2116 (3d ed.), she has repeatedly stymied Defendants' efforts to complete her deposition—refusing to answer questions and giving long run-on answers. Indeed, while Plaintiff repeatedly objected to the relevance of certain questions at her deposition—and contends that they amount to "fishing"—she provides no explanation for how the questions were in fact irrelevant. Even if she had, though, "[Federal] Rule 30(d)(3) states that a party may limit deposition testimony only because the examination is being conducted in bad faith or unreasonably annoys or embarrasses the witness." *NDK Crystal, Inc. v. Nipponkoa Ins. Co.*, No. 10 CV 1824, 2011 WL 43093, at *3 (N.D. Ill. Jan. 4, 2011). The relevance of deposition

questions, alone, "is an improper ground for a motion under Rule 30(d)(3)." *Id.* (quoting *Medline Indus. v. Lizzo*, No. 08 C 5867, 2009 WL 3242299, *2 (N.D. Ill. Oct. 6, 2009)).

To the extent that Plaintiff argues continuing her deposition would result in undue harassment or oppression, she asserts that Defendants will not be able to "save" their case in the remaining time permitted. (ECF 153 at 2). In other words, Plaintiff seems to suggest that no amount of evidence that Defendants might gain through her testimony will be enough for them to succeed at trial or through a dispositive motion. She further asserts that Defendants have not been forthcoming in their own discovery responses. (*Id.*). Again, Plaintiff misses the point. As the Court has already explained, it does not consider the ultimate merits of Plaintiff's claims or Defendants' defenses during the discovery stage. (ECF 80 at 19-20). Further, even if Plaintiff does not believe Defendants have complied with their discovery responsibilities, it does not free her from the need to comply with her own. (*Id.* at 21).

In summary, Plaintiff has not shown that completing her deposition would constitute undue annoyance, harassment, or oppression. Plaintiff will not be permitted to "cross-examine" herself, and to the extent she believes that Defendants' attorney's deposition questions were irrelevant, this is not a reason to terminate a deposition pursuant to Rule 30(b)(3). Finally, as already explained, Plaintiff's belief that Defendants have not acted in good faith through discovery and that she would prevail on the merits at trial does not permit her to obstruct the discovery process. Accordingly, Plaintiff's motion to terminate her deposition (ECF 148) will be DENIED.

**B.  *Plaintiff's Motion to Place Defendants in Contempt of Court and Eliminate Felicia Ogunbuyide as a Person Living in Plaintiff's Home (ECF 149)***

On October 1, 2021, Plaintiff filed another motion arguing that Defendants should be placed in contempt of court and asserting that Defendants be prohibited from claiming that Plaintiff's daughter, Felicia Ogunbuyide, lived in her home prior to her eviction. (ECF 149). In support of that contention, Plaintiff points to supposed inconsistencies in the testimony of Defendant Naomi Friedrichsen during Plaintiff's state court eviction proceeding, Defendants' discovery responses, and screenshots of text messages between herself and a non-party, Barb Daniels. (*Id.*; ECF 149-1). As such, Plaintiff appears to be requesting that the Court bar Defendant Friedrichsen from testifying that Felicia Ogunbuyide lived in Plaintiff's home in violation of her lease. (ECF 149 at 4-5).

Much of Plaintiff's argument is simply a rehashing of arguments she first raised in her motion to compel—namely, that Defendant Friedrichsen lied in her testimony at state court eviction proceedings and that Defendants' discovery responses are inconsistent with that testimony. (ECF 69 at 7-8; *see also* ECF 63 at 1). Again, to the extent that Plaintiff is seeking to attack Defendants' supposedly inconsistent statements or the weight those statements should be given—now is not the time.  As the Court explained in its January 19, 2021, Order on the parties' cross motions to compel, in the event Plaintiff's case proceeds to a trial, "[a]t trial, Plaintiff will be able—within in the bounds of the Federal Rules of Evidence—to question Defendants about prior inconsistent statements." (ECF 80 at 17 (citing Fed. R. Evid. 613)). Further, to the extent that Plaintiff is seeking to bar the use of such evidence in a motion for summary judgment or trial, her request is premature. As the Court explained its January 19, 2021, Opinion and Order:

> If Defendants were to file discovery materials in support of a
> motion for summary judgment which Plaintiff believes are not
> admissible, she is free to object to such evidence then. Fed. R.
> Civ. P. 56(c)(2); *see also Cehovic-Dixneuf v. Wong*, 895 F.3d 927,
> 931 (7th Cir. 2018) ("In the briefing on a motion for summary
> judgment, either side may object that the other's evidence cannot
> be presented in a form that would be admissible in evidence."
> (citation and internal quotation marks omitted)). Similarly,
> Plaintiff is free to object to the admissibility of evidence before
> trial by way of a motion *in limin*e or at trial. *See Dartey v. Ford
> Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000).

(*Id.* at 20). Plaintiff's attempt to introduce new evidence that she may not have had at the time of

the Court's ruling on the motions to compel—that is, the screenshot of her conversations with

Bard Daniels—does not change the fact that the Court will not consider the admissibility or

weight of any evidence at this time. Accordingly, Plaintiff's "Motion to Place Defendants in

Contempt of Court and Eliminate Felicia Ogunbuyide as a Person Living in Plaintiff's Home"

(ECF 149) is also DENIED.

### C.  Plaintiff's Motion for Court Discipline of Brittney Rykovich (ECF 154)

On October 14, 2021, Defendants filed a response (ECF 152) to Plaintiff's motion to

terminate her deposition (ECF 148) and "Motion to Place Defendants in Contempt of Court and

Eliminate Felicia Ogunbuyide as a Person Living in Plaintiff's Home" (ECF 149). In support

thereof, Defendants contend that they discussed staying this matter pending the resolution of a

"Petition for an Extraordinary Writ" to the United States Supreme Court that Plaintiff served

upon them on August 26, 2021, before attempting to schedule the third day of Plaintiff's

deposition. (ECF 152 at 2-3). Defendants attached a portion of Plaintiff's petition (ECF 152-

1)—which takes issue with a variety of this Court's orders—and an email chain including the parties' discussion of the potential stay (ECF 152-2) as exhibits to their motion.[1]

On October 15, 2021, Plaintiff filed her motion requesting the Court discipline Defendants' counsel, Brittany Rykovich, for "abusing attorney privilege divulging [to] the court [Plaintiff's] proceedings." (ECF 154 at 1). In particular, Plaintiff complains that Defendants' response was docketed before Plaintiff's own "Motion to End Bad Faith Practice and to Deny Motion to Extend Time" (ECF 157) in which Plaintiff discusses her petition. (*Id.*). As such, she contends that Defendants somehow "devalued" the petition, and requests that Defendants' attorney be required to make all future filings through the United States Mail and that the Court admonish Defendants' counsel for "filing [her] proceedings without her permission . . ." (*Id.* at 2).

As an initial point, it is not clear how Defendants' filing of Plaintiff's petition as an exhibit to their motion "devalues" the petition. The petition was simply attached as an exhibit to explain the timing of Defendants' actions—not as a motion for the Court to rule on. Indeed, it appears that Plaintiff had already filed her petition before the Supreme Court on August 26, 2021, before Defendants filed their response attaching it. *See In Re Sandra Black*, No. 21-5893 (U.S.). Further, it is not clear what "attorney privilege" Defendants' attorney is allegedly abusing. There is obviously no attorney-client privilege between Plaintiff and Defendants' attorney. Nor do Defendants have a general duty to seek Plaintiff's approval before submitting

---

[1] To the extent that Plaintiff's petition was meant to act as an interlocutory appeal, the Court must address the issue of jurisdiction. Typically, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Apostol v. Gallion*, 870 F.2d 1335, 1337 (7th Cir. 1989). No notice of appeal, however, has been filed in this case. Further, the Court has not entered any interlocutory orders or decrees giving rise to an interlocutory appeal pursuant to 28 U.S.C § 1292(a); nor has it certified an issue for appeal pursuant to 28 U.S.C. § 1292(b). In any event, the Supreme Court denied Plaintiff's petition on December 6, 2021. *See In Re Sandra Black*, No. 21-5893 (U.S.). Thus, this Court has jurisdiction to proceed.

documents to the Court.[2] Still more, Defendants' attorney is required by the Local Rules to file all material electronically. *See* N.D. Ind L.R. 5-1.

Accordingly, Plaintiff fails to explain how consideration of her petition was or may be impacted by Defendants' filing. She fails to give any basis in law or fact for requiring Defendants to make future filings by mail, and in fact, doing so would be contrary to this Court's Local Rules. As such, Plaintiff's "Motion for Court Discipline of Brittney Rykovich" (ECF 154) is DENIED.

### D. Plaintiff's Motion to Compel Defendant to Answer Follow-Up Interrogatory Questions (ECF 156)

I. Background

On October 18, 2021, Plaintiff filed another motion seeking to compel Defendants to more fully respond to a set of "follow-up" interrogatories. (ECF 156). In support of her motion, Plaintiff attached an email she sent to Attorney Rykovich containing multiple compound questions asking Defendants Naomi Friedrichsen and Erika Holliday to describe an allegedly unauthorized tenant that led to state court eviction proceedings. (ECF 156-1). Defendants note that they attempted to answer the supplements in good faith to avoid more unnecessary filings, but argue that Plaintiff has otherwise failed to properly serve the interrogatories. (ECF 164). As such, they contend that Plaintiff's motion (ECF 156) should summarily be denied and request an award of costs and fees incurred in responding to the motion. (ECF 164 at 3). Plaintiff did not file a reply, and her time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3).

---

[2] Federal Rule of Civil Procedure 11(c)(2)'s safe harbor provision is obviously not applicable in this instance.

II.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 33(b)(2), a "responding party must serve its answers [to interrogatories] and any objections within 30 days *after being served* with the interrogatories." (emphasis added).  As the advisory committee notes explain, the word "service" replaced the word "delivery" in order to bring the text of the Rule in conformance with the use of service in the rest of the rules. Fed. R. Civ. P. 33 advisory committee's notes to 1946 amendment. Accordingly, a party must serve its interrogatories within the bounds of Federal Rule of Civil Procedure 5, which only permits service by electronic means—other than the Court's electronic-filing system—if the person served "consented to [it] in writing." Fed. R. Civ. P. 5(b)(2)(E). Indeed, a party may only move for sanctions pursuant to Rule 37(d) for failing to serve answers to interrogatories if the responding party, "*after being properly served with interrogatories* . . . fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii) (emphasis added).

Further, before moving to compel a discovery response, the moving party must, pursuant to both the Federal and Local Rules, file a certification that it attempted to resolve the discovery dispute in good faith. Fed. R. Civ. P. 37(a)(1); N.D. Ind. L.R. 37-1(a). While "[i]n a case involving a *pro se* party, a discovery motion will not be denied because the movant fails to file a certification that [she] has conferred with the other side. ...... the party making the request still has to speak to the other side before asking the Court for relief." *Marinov v. United Auto Worker*, No. 4:18-CV-59-JTM-JEM, 2020 WL 8996785, at *1 (N.D. Ind. Mar. 27, 2020).  Additionally, the Local Rules require that "[a]ll discovery material in cases involving a pro se party must be filed [on the record]." N.D. Ind. L.R. 26-2(a)(2).

12

Finally, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), if a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." The Court, however, "must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*

## III.  Analysis

Plaintiff's motion clearly fails to comply with the procedural requirements of both the Local and Federal Rules. While a motion to compel filed by a *pro se* party cannot be denied solely for a failure to attach a Local Rule 37-1(a) certification, Plaintiff's email responses to Defendants belie any notion that she attempted to resolve the dispute without court action. (*See* ECF 164 at 6). Indeed, throughout her response emails Plaintiff continues to allege that Defendants have perjured themselves, and she accuses their attorney of acting in bad faith (*see* ECF 156-1; ECF 164)—despite the Court's prior warning that discovery is meant to be collaborative and that personal attacks are unwarranted (*see* ECF 70). Further, there is nothing in the record to suggest that Defendants consented to service by email, suggesting that Plaintiff failed to properly serve her supplemental interrogatories pursuant to Federal Rule 5. Still more, Plaintiff failed to comply with Local Rule 37-1's requirement that *pro se* discovery material be filed on the record.

In any event, Defendant Friedrichsen's answer to the supplemental interrogatories are for the most part responsive or the objections appear to be proper. Supplemental Interrogatory 1, for example, requests clarification of who Defendant Friedrichsen witnessed staying at Plaintiff's residence. Defendant Friedrichsen responded that she recalled seeing Plaintiff's son and grandchild, and that she was told the same by other tenants. (ECF 164 at 8). Plaintiff apparently

takes issue with Defendant Friedrichsen's failure to answer follow-up questions describing the child she saw—but again, this Defendant identified who the supposed child was by name. (*Id*.). Defendant Friedrichsen also seems to have answered Supplemental Interrogatories 3 and 4, despite lodging objections. In responding to Plaintiff's inquiry as to "who she decides to identify in a violation," Defendant Friedrichsen explained that she does not work as a community manager at Hunter's Run anymore and thus no longer drafts notices of lease violations. (ECF 164 at 8; *see also* ECF 109 at 3). In responding to Plaintiff's request as to how she chose to give a "friendly reminder" warning, Defendant Friedrichsen said that she did so whenever she had knowledge of a potential lease violation. (ECF 164 at 9; *see also* ECF 109 at 7). These are answers to Plaintiff's questions as written, and though "Plaintiff may disagree with Defendants' answers and may disagree with Defendants' version of the events, . . . neither of these issues are grounds for a motion to compel." (ECF 80 at 17-18).

In Supplemental Interrogatory 2, Plaintiff requests the contact information of a third party, Nancy Cannon, and what Cannon and another nonparty, Alicia Imam, might testify to in this matter. Defendant Friedrichsen responded that she did not know Cannon's current contact information and objected to answering how third parties might testify. (ECF 164 at 8). There is nothing necessarily improper about these responses. "If a party does not have the information or knowledge necessary to answer an interrogatory and has made a proper investigation of sources under its control to obtain the answer, it is permissible for the interrogated party to state under oath its lack of information or knowledge . . . ." 10A Alexa Ashworth, *et. al*, <u>Federal Procedure, Lawyer's Edition</u> § 26:507. Indeed, it is hard to see how Defendant Friedrichsen could say with any certainty how a third party might eventually testify. *See generally Gregg v. Loc. 305 IBEW*, No. 1:08-CV-160, 2009 WL 1325103, at *5 (N.D. Ind. May 13, 2009) (denying a motion to

compel a response to an interrogatory requesting a party speculate as to what others would think to be offensive). Similarly, in Supplemental Interrogatory 6, Plaintiff asks whether Defendant Friedrichsen planted bedbugs and if she ever bent over Plaintiff's bed. Defendant Friedrichsen denied planting bedbugs, but stated that she did not recall if she ever bent over Plaintiff's bed. This is responsive to the question asked. *See* 10A Alexa Ashworth, *et. al*, Federal Procedure, Lawyer's Edition § 26:507 ([I]t is permissible for the interrogated party to state . . . the fact that the party has no recollection of the event in question.").

As to Supplemental Interrogatories 5.c, 5.d, and 7, Defendant Friedrichsen responded that each "supplemental request assumes facts not admitted or otherwise established," and that she "dispute[s] the allegations contained in [these] request[s]and therefore does not provide any supplemental response to the same." (ECF 164 at 9-10). Again, Defendant Friedrichsen's objections are proper. Supplemental Interrogatories 5.c and 5.d, as well as an un-numbered question under Interrogatory 7, imply that Defendant Friedrichsen lied during her testimony in the state court eviction proceedings, which is a claim that Defendants have denied throughout this case. Similarly, Supplemental Interrogatory 7 asks Defendant Friedrichsen "to explain why [she] felt it unnecessary to have evidence when taking a home away from a black person," which she again has consistently denied. (*Id.* at 9). As the Court has now explained multiple times, should this case go to trial Plaintiff will be free within the rules of evidence to question Defendants about any supposed inconsistencies in their testimony or discovery responses at trial. To reiterate, while "Plaintiff may disagree with Defendants' answers and may disagree with Defendants' version of the events, . . . neither of these issues are grounds for a motion to compel." (ECF 80 at 17-18); *see Hashim v. Ericksen*, No. 14-CV-1265, 2016 WL 6208532, at *2 (E.D. Wis. Oct. 22, 2016) ("Plaintiff disagrees with defendants' denial of this admissions

requests. However, defendants responded to the request and plaintiff's disagreement with it is not the proper subject of a motion to compel." (internal citation omitted)).

As to the remaining supplemental interrogatories, Defendant Friedrichsen objected on vagueness and scope grounds. A simple review of the interrogatories vindicates her objections. For example, Supplemental Interrogatory 5 and its various subparts concern Defendant Friedrichsen's contention that she did not mislead the state court when testifying that allowing leave violation could lead to the loss of affordable housing vouchers. (ECF 109 at 5). In Supplemental Interrogatory 5.a, Plaintiff asks whether "section 8"—presumably a representative of the Department of Housing and Urban Development ("HUD") or the Marion Housing Authority (*see* ECF 37 at 40-41; ECF 109 at 5)—"recognized [Defendant Friedrichsen's] claim . . . as a legitimate claim." (ECF 164 at 9). But it is not clear what Plaintiff is asking. Plaintiff could be asking whether HUD revokes vouchers if landlords fail to report lease violations. Or Plaintiff could be asking if Defendant Friedrichsen had been informed that HUD had rejected a claim that Plaintiff had unauthorized occupants in her home, or if HUD considered unauthorized occupants a "legitimate" violation of its own regulations. Supplemental Interrogatory 5.b is a follow-up question asking whether "section 8 had voiced no intention to violate [Plaintiff] for unauthorized occupants . . . . " (*Id.*). This question is vague. Plaintiff seemingly is asking if Defendant Friedrichsen is aware of the conversation that Plaintiff had with a representative of the Marion Housing Authority. But Defendant Friedrichsen need only respond to things in her personal knowledge; she is not required to guess what might have been told to Plaintiff by a third party.

In summary, Plaintiff's supplemental interrogatories are procedurally deficient because they were not properly served upon Defendant Friedrichsen. Further, it does not appear that

Plaintiff attempted to resolve the disputes regarding the interrogatories in good faith before seeking Court intervention. And even if the interrogatories had been properly served (which they were not), Plaintiff's questions were generally argumentative, vague, called for speculation, or were otherwise answered. Accordingly, Plaintiff's motion to compel (ECF 156) is DENIED.

Because the motion is denied, the Court is required by operation of Rule 37(a) to award Defendants their fees and costs incurred in responding to the motion. The Court must ensure that the fees and costs are reasonable. Accordingly, Defendants are afforded to and including January 4, 2022, to file an affidavit detailing their fees calculation. Because Plaintiff did not address Defendants' fee request in a reply or in any other filing, she is afforded fourteen days of receipt of that affidavit to file a response in order to show why the requested amount of fees should not be awarded. *See Perkins v. Wis. Laborers Health Fund*, No. 11-CV-846-JPS, 2011 WL 6400465, at *1 (E.D. Wis. Dec. 20, 2011) ("An award of fees to a successful defendant may be denied if the plaintiff's position was both 'substantially justified'—meaning something more than non-frivolous, but something less than meritorious—and taken in good faith, or if special circumstances make an award unjust." (citing *Harris Tr. & Sav. Bank v. Provident Life & Accident Ins. Co.*, 57 F.3d 608, 616 n.4 (7th Cir.1995))).

### E. Plaintiff's Motion to End Defendants' Bad Faith Practices and to Deny Motion to Extend Time (ECF 157)

On October 11, 2021, Defendants filed a motion (ECF 150) requesting an additional four days to respond to Plaintiff's motion seeking to terminate her own deposition (ECF 148) so that they could respond to Plaintiff's "Motion to Place Defendants in Contempt of Court and Eliminate Felicia Ogunbuyide as a Person Living in Plaintiff's House" (ECF 149) at the same

time. Given the limited time requested and the obvious benefits to judicial economy, the Court

granted the motion without written order by docket entry on October 13, 2021. (ECF 151).

In a motion dated October 13, 2021, but not received by the Court until October 18, 2021,

Plaintiff requests that the Court deny the motion for an extension (ECF 148), alleging that

Defendants only filed the motion to "FORCE PLAINTIFF TO ANSWER IT . . . ." (ECF 157 at

6). As such, she asks that the Court "reprimand the bad faith action of the defendants and their

attorney" and deny the extension. (*Id.*). Plaintiff also reiterates arguments raised in her most

recent motion to compel.  (*Id.*).

Given that Plaintiff's motion was not received until after Defendants' motion for an

extension was granted, Plaintiff's request that the Court deny the extension of time is moot. As

to her request that the Court reprimand Defendants and their attorney, there is no basis for such

request. As mentioned, the requested extension (four days) was minimal and the reason for the

request—to respond to Plaintiff's various filings at once—was reasonable. In any event,

Plaintiff points to no rule, statute, or case providing a basis for her motion. Accordingly, the

"Motion to End Defendants' Bad Faith Practices and to Deny Motion to Extend Time" (ECF

157) is DENIED.

### F. Defendants' Motion for Sanctions, or Alternatively, Motion to Compel Plaintiff to Complete Deposition and Extend Scheduling Deadlines (ECF 159, 162) and Defendants' Motion for Hearing (ECF 167)

I. Background

On October 27, 2021, Defendants filed a motion (ECF 159) and supporting memorandum

(EF 160) requesting that the Court dismiss Plaintiff's complaint as a sanction for her failure to

participate in discovery and comply with the Court's prior Orders, or in the alternative, to

compel Plaintiff to complete her deposition and extend case management deadlines.  In

particular, Defendants assert that Plaintiff's complaint should be dismissed pursuant to the

Court's inherent authority and pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and

41(b). (ECF 160 at 5-6). In support, Defendants cite to Plaintiff's failure to complete her

deposition despite multiple Court Orders compelling her to do so (*see* ECF 80, 102), and

Plaintiff's various emails and social media posts where she disparages Defendants and their

attorneys (*see* ECF 129). (ECF 160 at 5-6). In the alternative, Defendants request that Plaintiff

be compelled to complete her deposition within twenty-one days of the Court's ruling on the

motion, and that the discovery and dispositive motion deadlines be extended to accommodate the

deposition.  (ECF 160 at 9-10).  On October 29, 2021, Defendants filed an amended motion

(ECF 162) and memorandum (ECF 163) in order to include additional emails received from

Plaintiff (ECF 163 at 2).  Plaintiff did not respond to either motion, and her time to do so has

now passed. N.D. L.R. 7-1(d)(3). Finally, on November 18, 2021, Defendants filed a separate

motion (ECF 167) requesting a hearing on the amended motion for sanctions (ECF 162).

## II.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v), if a party "fails to obey an

order to provide or permit discovery" the Court may issue sanctions including "dismissing the

action or proceeding in whole or in part."  "Apart from the discovery rule, a court has the

inherent authority to manage judicial proceedings and to regulate the conduct of those appearing

before it, and pursuant to that authority may impose appropriate sanctions to penalize and

discourage misconduct." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). This

includes the authority to dismiss an action for discovery abuses. *See* 10A Alexa Ashworth, *et al.*,

Federal Procedure, Lawyer's Edition § 26:710.

Similarly, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Involuntary dismissal, however, is an extreme sanction which should be used sparingly. *See Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998). "[A] court should dismiss a case pursuant to Rule 41 only when there exists a clear record of delay or contumacious conduct or when less drastic sanctions have proven ineffective." *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177 (7th Cir. 1987). Further, "unlike a Rule 41(b) dismissal, a Rule 37(b) dismissal requires both a failure to comply with a discovery order and a showing of willfulness, bad faith or fault." *Id.* at 1179.

## III.  Analysis

Plaintiff has now repeatedly failed to comply with the Court's Orders that she complete her deposition. (ECF 80, 102). That being said, the Court still believes—as it did in ruling on Defendants' prior motion for sanctions (ECF 87)—that Plaintiff's repeated failure to do so does not yet rise to the level of "bad faith" (ECF 102 at 4). In particular, the Court had advised Plaintiff on July 30, 2021, during a hearing (ECF 142) on various discovery motions filed by both parties that she could file a motion to terminate her deposition pursuant to Federal Rule 30 if she had adequate grounds to do so. While Plaintiff's eventual motion (ECF 148) turned out to be deficient for the reasons already discussed, it appears to have been premised on a misunderstanding of the Federal Rules of Procedure rather than a willful attempt to avoid discovery or bad faith. Further, the Court is not convinced that a lesser sanction would be ineffective. Accordingly, Defendants' amended motion for sanctions (ECF 162) is DENIED IN PART.

Defendants' alternative request—that Plaintiff be ordered to complete her deposition within twenty-one days of this Order and a corresponding extension of the discovery and dispositive motion deadlines—is GRANTED. As already explained, Plaintiff's motion to terminate her deposition is generally meritless, and Defendants have a right to complete the deposition. (*See* ECF 80 at 22-22; ECF 102 at 4). Accordingly, the Court will extend the discovery deadline to and including January 21, 2022, and the dispositive motion deadline to February 21, 2022. Plaintiff is ORDERED TO COMPLETE HER DEPOSITON WITHIN TWENTY-ONE days of this Order. Plaintiff is FOREWARNED that the Court will not look kindly on any further delays in completing her deposition. As a reminder, only the time spent conducting the deposition counts towards the seven-hour time allotment, and Plaintiff may not refuse to answer a question on relevancy grounds. IF PLAINTIFF FAILS TO COMPLETE HER DEPOSITION IN THE ALLOTTED TIME, SHE RISKS SANCTIONS UP TO AND INCLUDING THE IMPOSITION OF MONETARY PENALTIES AND THE DISMISSAL OF HER CASE. In light of the Court's ruling on Defendants' amended motion (ECF 162), Defendants' initial motion (ECF 159) is DENIED AS MOOT. Defendants' motion requesting a hearing (ECF 167) is also DENIED AS MOOT, subject to renewal if necessary.

### G. Defendants' Fee Affidavit (ECF 82)

I. Background

As mentioned, the Court in its January 19, 2021, Opinion and Order provisionally granted Defendants' fee request made pursuant Federal Rule of Civil Procedure 37(d),which permits a party to recover the "reasonable expenses, including attorney's fees, caused by the failure [to appear at a properly noticed deposition],"and Rule 30(a)(5)(A),which permits recovery of the "reasonable expenses incurred in making [a successful motion to compel or defending against an

unsuccessful motion to compel].ʺ (ECF 80 at 22-23). Accordingly, the Court directed Defendants to file an affidavit detailing their fee request (so that the Court could determine whether it was reasonable) and permitted Plaintiff to file a response to that affidavit within fourteen days of receipt. (*Id.* at 25).

On February 2, 2021, Defendants' attorney filed an affidavit and time sheet requesting fees totaling $1,512.50 for 5.5 hours of work at an hourly rate of $275. (ECF 82). On February 19, 2021, Plaintiff filed her response contending that Attorney Rykovich was at fault for causing the motion to compel by failing to cooperate in discovery, reiterating her contention that there was no cause to initiate eviction proceedings against her, and disputing the need for the time Attorney Rykovich billed.[3] (ECF 91). In particular, Plaintiff claims that Attorney Rykovich should not have continued to bill for emails and calls made to Plaintiff after she had canceled her deposition.  (*Id.* at 2).  She also contends that Attorney Rykovich should not have billed 1.3 hours for research in preparing the memorandum in support of the motion to compel and the availability of sanctions against a *pro se* party (ECF 82 at 8), contending Attorney Rykovich "wants to be paid to re-learn law . . . ." (ECF 91 at 2). As such, Plaintiff contends that she should be billed only for 1.4 hours of work for a total of $385 dollars. (*Id.* at 3). Finally, Plaintiff raised various arguments regarding Defendants' attempt to reschedule her deposition after the January 19, 2021, Opinion and Order (*id.*), but Attorney Rykovich did not include any time billed for such attempts in her fee affidavit, and therefore, these arguments need not be addressed.

---

[3] Plaintiff asserts that Defendants' affidavit was initially mailed to the wrong address. (ECF 91 at 1). Accordingly, the Court will consider the response timely filed.

II.  Legal Standard

"Reasonable attorney fees under Rule 37 are calculated using the 'lodestar' method, which is a reasonable hourly rate multiplied by the hours reasonably expended." *L.H.H. ex rel. Hernandez v. Horton*, No. 2:13-CV-452-PRC, 2015 WL 1057466, at *1 (N.D. Ind. Mar. 10, 2015). "A reasonable rate is one 'derived from the market rate for the services rendered.'" *Id.* (quoting *Pickett v. Sheridan Health Care Ctr.,* 664 F.3d 632, 640 (7th Cir. 2011)). "The Court must also determine whether an attorney's requested award is for hours reasonably spent." *Zimmer, Inc. v. Beamalloy Reconstructive Med. Prods., LLC*, No. 1:16-cv-00355-HAB-SLC, 2019 WL 2635944, at *4 (N.D. Ind. June 27, 2019). "Ultimately, the party seeking an award of attorneys' fees bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Bratton v. Thomas L. Firm, PC*, 943 F. Supp. 2d 897, 902 (N.D. Ind. 2013).

While it is Defendants' burden to show the requested fees are reasonable, "where, as here, [an attorney] provide[s] the rates actually billed, the burden shifts to the party opposing the fee award to demonstrate why a lower rate should be awarded." *Zimmer, Inc.*, 2019 WL 2635944, at *7; *see also Davis v. Lakeside Motor Co.*, No. 3:10-CV-405 JD, 2014 WL 3341033, at *2 (N.D. Ind. July 7, 2014) ("The Court presumes that an attorney's actual billing rate for similar litigation is appropriate to use as the market rate."). Further, while courts within this circuit have held that a party's indigence does not necessarily make an award of fees unjust, *see Oliver v. Tyson Foods, Inc.*, No. 1:11-CV-120, 2012 WL 1906367, at *2 (N.D. Ind. May 25, 2012), others have taken it into account when reducing the amount of fee awards, *see Maxwell v. S. Bend Work Release Ctr.*, No. 3:09-CV-008-PPS-CAN, 2010 WL 4318800, at *7 (N.D. Ind.

Oct. 25, 2010); *see also Franklin v. Beth*, No. 05-C-0916, 2007 WL 1062429, at *11 (E.D. Wis. Apr. 3, 2007).

III. <u>Analysis</u>

     To the extent that Plaintiff is asserting an award of fees would be unjust given Defendants' alleged failure to cooperate in discovery—her arguments are unfounded. The Court already addressed those arguments in ruling on Plaintiff's motion to compel. (ECF 80). As previously explained, even if Defendants had not been forthcoming with their discovery responses, Plaintiff had no legal basis for delaying her deposition. (*Id.* at 21 (citing *Williams*, 2019 WL 6117594, at *3)). Accordingly, Plaintiff's argument in that regard is a non-starter.

     Further, Plaintiff has failed to show that Attorney Rykovich's hourly rate is unreasonable. In fact, the rate of $275 is well within the range courts within this Circuit have approved for similar work. *See Houston v. C.G. Sec. Servs., Inc.*, 820 F.3d 855, 860 (7th Cir. 2016) (affirming the district court's award of fees at a rate of $250 per hour); *Struve v. Gardner*, No. 1:19-cv-04581-RLY-MJD, 2021 WL 1948868, at *2 (S.D. Ind. May 14, 2021) (finding rates ranging from $285 to $645 per hour reasonable); *Davis*, 2014 WL 3341033, at *3 (finding a rate of $315 per hour reasonable); *Young v. Accts. Recovery Bureau*, No. 1:11-cv-255 WTL-DKL, 2012 WL 3764014, at *2 (S.D. Ind. Aug. 8, 2012) (finding a rate of $250 per hour reasonable).

     Finally, despite Plaintiff's argument to the contrary, Attorney Rykovich's time billed is reasonable. Indeed, as explained in relation to Plaintiff's most recent motion to compel *supra*, Attorney Rykovich was required to attempt to confer with Plaintiff to resolve the dispute regarding Plaintiff's deposition before filing a motion to compel. *See generally, Rackemann v. LISNR, Inc.*, No. 1:17-CV-00624-MJD-TWP, 2018 WL 3328140, at *6 (S.D. Ind. July 6, 2018) ("[C]ourts in the Seventh Circuit have recognized that these sorts of tasks are made necessary by

the opposing party's failure to provide the requested discovery, and may be included in attorney fees."). Further, spending 1.3 hours researching in preparation for drafting a motion to compel is not "re-learning" law. Legal research is a necessary component of practicing law, and courts consistently award fees for even more time than the 1.3 hours billed here. *See, e.g.*, *Am. Mod. Select Ins. Co. v. Gardner*, No. 14-CV-610-SMY-SCW, 2015 WL 8937744, at *3 (S.D. Ill. Dec. 16, 2015). Finally, the 1.20 hours billed for preparing Defendants' motion to compel and accompanying memoranda—which constituted three pages total excluding exhibits—certainly appears reasonable. *See Struve*, 2021 WL 1948868, at *3 ("[B]illing approximately one hour per page is not unreasonable on its face." (collecting cases)).

That being said, given Plaintiff's indigent status, the Court will limit Defendants' request to the fees accrued preparing and drafting Defendants' motion to compel, its supporting memorandum, and Defendants' response to Plaintiff's motion to compel. As such, the Court will award fees for the:

- .70 hours for researching and drafting the motion to compel on October 30, 2020,
- 1.00 hour for preparing the Rule 37.1 certification and motion to compel on October 30, 2020,
- .50 hours researching caselaw on October 30, 2020,
- 1.20 hours drafting the supporting memorandum on October 30, 2021,
- .10 preparing a response to Plaintiff's motion to compel and drafting Defendants' motion to compel.

(ECF 82-1 at 3-7).

In summary, Defendants' fee request as detailed in Attorney Rykovich's affidavit (ECF 82) is reasonable and will be GRANTED IN PART. Plaintiff is ORDERED to pay Defendants' fees for 3.50 hours of work at a rate of $275 per hour for a total of $962.50 within THIRTY DAYS this Opinion and Order. PLAINTIFF IS AGAIN FOREWARNED THAT FAILURE TO

COMPLY WITH THIS ORDER MAY LEAD TO SANCTIONS UP TO AND INCLUDING

ADDITIONAL MONETARY FINES AND DISMISSAL OF HER CASE.

### H. Conclusion

In conclusion, Plaintiff's motion to terminate her deposition fails to establish that a

continued deposition would constitute unreasonable annoyance, embarrassment, or oppression as

required by Federal Rule 30. (ECF 148).  Plaintiff's "Motion to Place Defendants in Contempt

of Court and Eliminate Felicia Ogunbuyide as a Person Living in Plaintiff's Home" primarily

goes to the weight certain evidence should be afforded and is therefore premature. (ECF 149).

As to Plaintiff's motion requesting the Court "discipline" Defendants' attorney, Plaintiff fails to

identify a legal basis for sanctions. (ECF 154). Plaintiff's motion to compel Defendant

Friedrichsen to respond to follow-up interrogatories is fatally flawed because the interrogatories

were not properly served and because Defendants' objections to the same were proper. (ECF

156). Plaintiff's "Motion to End Bad Faith Practice and to Deny Motion to Extend Time" (ECF

157) is moot to the extent it is requesting that the Court deny Defendants' motion for an

extension (ECF 150). To the extent the motion (ECF 157) is requesting the Court reprimand

Defendants' attorney, Plaintiff again fails to identify a legal or factual basis for sanctions or to

reprimand or otherwise admonish Defendants' attorney. Accordingly, Plaintiff's motions (ECF

148, 149, 154, 156, 157) are DENIED.

Further, because Plaintiff's motion to compel (ECF 156) is denied, Defendants' fee

request made in their response (ECF 164) is provisionally GRANTED. Defendants are afforded

to and including January 4, 2022, to file an affidavit detailing their fee calculation. Plaintiff will

be afforded an additional fourteen days from receipt of the affidavit to file a response.

In light of Defendants' amended motion for sanctions, or in the alternative, seeking to compel Plaintiff to complete her deposition and extend case management deadlines (ECF 162), Defendants' initial motion (ECF 159) is DENIED AS MOOT. Defendants' amended motion (ECF 162), however, is DENIED IN PART as to sanctions, but GRANTED IN PART as to the request to compel Plaintiff to complete her deposition and the extension of the case management deadlines. Discovery is extended to and including January 21, 2022, and the dispositive motion deadline is extended to and including February 21, 2022. Further, given this Opinion and Order, Defendants' motion requesting a hearing (ECF 167) is DENIED AS MOOT, subject to renewal if necessary.

Finally, Defendants' fee request filed in response to the Court's January 19, 2021, Opinion and Order, as detailed in Attorney Rykovich's affidavit (ECF 82) is GRANTED IN PART. Plaintiff is ORDERED to pay Defendants $962.50 on or before January 21, 2022. PLAINTIFF IS FOREWARNED THAT FAILURE TO COMPLY WITH THE TERMS OF THIS OPINION AND ORDER MAY RESULT IN ADDITIONAL SANCTIONS AGAINST HER, UP TO AND INCLUDING MONETARY FINES AND THE DISMISSAL OF HER CASE.

SO ORDERED.

Entered this 21st day of December 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge