UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SANDRA BLACK,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Case No. 1:19-cv-00307-TLS-SLC |
| ) | |
| NAOMI FRIEDRICHSEN, *et al.*,   ) | |
| ) | |
| Defendants.   ) | |

## AMENDED OPINION AND ORDER[1]

Before the Court is a motion seeking the recusal of the Undersigned Magistrate Judge, filed by *pro se* Plaintiff on January 5, 2022. (ECF 173). In support of her motion, Plaintiff primarily points to a variety of this Court's rulings which she asserts were erroneously decided and allegedly the result of the Court's bias or prejudice, and evidence of systemic racism in American society. (*Id.*; *see, e.g.,* ECF 48, 74, 79, 80, 86, 102, 173). In particular, Plaintiff continues to assert—as she has in multiple filings (*see* ECF 86, 102)—that she has essentially proven her factual allegations, that Defendants are lying to her and the Court, and that the Court is stymieing her efforts to obtain discovery and publicize her case. (*Id.*). On January 13, 2022, Plaintiff filed an addendum to her motion (ECF 174) pointing to the Undersigned's most recent Opinion and Order (ECF 173) as additional evidence of bias.[2] To the extent that Plaintiff's motion requests the recusal of the Undersigned Magistrate Judge, her motion will be DENIED.[3]

---

[1] The Court files this Amended Opinion and Order simply to correct two scrivener's errors in the initially docketed Opinion and Order. (ECF 177).

[2] Plaintiff also filed "Correspondence to the Court" (ECF 175) on January 13, retracting her statement in the instant motion that she would "go public if [she] must sever a digit or limb live for [her] people on social media" (ECF 173 at 11). First and foremost, in the event that Plaintiff ever considers harming herself or someone else, she is urged to immediately contact emergency services or a mental health provider for assistance. Second, as to Plaintiff's desire for "the public to know" about this case (*id.* at 10), the Court reminds Plaintiff that this case is already publicly docketed.

[3] The motion also requests the recusal of District Court Judge Theresa Springmann. (ECF 173). Judge Springmann will address the motion by separate order to the extent it applies to her.

In general, a federal magistrate judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This is judged by an objective standard—"whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Hooker v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996) (quoting *In re Mason*, 916 F.2d 384, 385-86 (7th Cir. 1990)). Similarly, a magistrate judge should recuse herself when "[she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455 (b)(1).[4] But "[b]ias must be proven by compelling evidence, and it must be grounded in some form of personal animus that the judge harbors against the litigant." *United States v. Barr*, 960 F.3d 906, 920 (7th Cir. 2020).

"[J]udicial rulings alone are almost never a valid basis for a recusal motion." *Id.* (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Indeed, "[d]isagreement with a judge's rulings does not suffice to show bias or prejudice; judicial rulings are grounds for appeal, not disqualification." *Ware v. Garnett*, No. 04-925-WDS, 2008 WL 220352, at *1 (S.D. Ill. Jan. 25, 2008) (citations and internal quotation marks omitted).

Here, Plaintiff has not established either an appearance of impropriety or evidence of actual bias or prejudice. While the Court has often ruled against Plaintiff in matters of discovery and procedure, "those rulings were made on the merits of the claims alleged in the judicial record and nothing more."[5] *Straw v. City of South Bend*, No. 3:16-CV-342-JD, 2016 WL 6996047, at *1 (N.D. Ind. Nov. 30, 2016) (denying a motion to recuse). Though Plaintiff may disagree with

---

[4] Because Plaintiff's motion is not in the form of an affidavit and does not include a certification of counsel that the motion is brought in good faith, the Court interprets Plaintiff's motion as being brought pursuant to 28 U.S.C. § 455, rather than 28 U.S.C. § 144. *See Wilson v. Kautex, Inc.*, No. 107-CV-60 TS, 2007 WL 1650105, at *2 (N.D. Ind. June 4, 2007). In any event, "[t]hese two sections are construed in pari materia, and the test of the legal sufficiency of a motion for disqualification is . . . largely the same under both statutes." 8 John Bourdeau, *et al.*, Federal Procedure, Lawyer's Edition § 20:40 (footnotes omitted).

[5] The Court is, of course, referring to the merits of the parties' various motions and not the ultimate merits of Plaintiff's case, which will be decided by dispositive motion practice or a trial—as the Court has explained multiple times. (*See, e.g.*, ECF 80 at 19-20; ECF 169 at 7).

the Court's legal reasoning and analysis, this is not grounds for recusal. Further, Plaintiff has not introduced any evidence—other than her disagreement with the Court's rulings and the management of the Court's docket and courtroom[6]—that suggests the Undersigned holds any "personal animus" against her. *See Kouekassazo v. City of Columbus*, No. 20-3502, 2021 WL 1960955, at *2 (6th Cir. Jan. 19, 2021) (finding conclusory allegations of systemic racism and adverse court decisions alone did not constitute evidence of bias). As such, there are no grounds under § 455(a) or §455(b)(1) necessitating recusal.

In sum, the Undersigned's prior rulings do not create an appearance of bias or impropriety, and Plaintiff has failed to satisfy her burden of establishing actual prejudice or bias. Accordingly, Plaintiff's motion for recusal (ECF 173)—as to the Undersigned Magistrate Judge—is DENIED.

SO ORDERED.

Entered this 20th day of January 2022.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[6] Plaintiff points to the timing of the Court's most recent Opinion and Order (ECF 173) and being ordered to appear in person at a hearing in July 2021 (ECF 139) as additional evidence of bias. But "courts have the inherent authority to manage their dockets and courtrooms . . . ." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). This includes the timing of opinions and the manner in which hearings are conducted. "In fact, '[a] judge's ordinary efforts at courtroom administration—even a *stern and short-tempered* judge's ordinary efforts at courtroom administration—remain immune' from charges of bias or prejudice." *Barr*, 960 F.3d at 920 (quoting *Liteky*, 510 U.S. at 556).

3