UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SANDRA BLACK,<br><br>    Plaintiff,<br><br>  v.<br><br>NAOMI FRIEDRICHSEN, et al.,<br><br>    Defendants. | CAUSE NO.: 1:19-CV-307-TLS-SLC |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff Sandra Black's Motion for the Recusal of Collins and Springmann and the Return of Judge Lee [ECF No. 173], filed with this Court on January 5, 2022. The Plaintiff argues that recusal is necessary because the Undersigned and Magistrate Judge Collins have handled this case in a way that is biased and prejudiced against her. On January 13, 2022, the Plaintiff filed an Addendum to her motion [ECF No. 174], claiming that a recent order further demonstrates bias. She also filed a Correspondence to the Court [ECF No. 175], seeking to withdraw a statement for her original motion.[1] Recently, Magistrate Judge Collins denied the motion as to herself. *See* Jan. 19, 2022 Op. & Order, ECF No. 177. For the reasons set forth below, the motion is also denied as to the Undersigned.

The Court considers the Plaintiff's motion as a request for the Undersigned to recuse herself pursuant to 28 U.S.C. § 455.[2] Under 28 U.S.C. § 455(a), a federal judge must "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28

---

[1] In the Correspondence, the Plaintiff retracts the following statement from her motion: "Finally, I will go public if I must sever a digit or limb live for my people on social media." Pl.'s Mot. 11, ECF No. 173; *see* Correspondence 1, ECF No. 175.

[2] Recusal may also be required under 28 U.S.C. § 144. However, the Plaintiff has not complied with the statute's strict procedural requirements, so it will not provide a basis for the Undersigned's recusal. *See United States v. Barr*, 960 F.3d 906, 919 (7th Cir. 2020).

U.S.C. § 455(a). For recusal to be justified, the party seeking recusal must "show an objective, disinterested observer fully informed of the reasons for seeking recusal would 'entertain a significant doubt that justice would be done in the case.'" *United States v. Barr*, 960 F.3d 906, 919 (7th Cir. 2020) (quoting *United States v. Simon*, 937 F.3d 820, 826 (7th Cir. 2019)). Trivial risks that a judge will decide the case on something other than the merits is not enough; rather, the question is whether there is a risk that is "substantially out of the ordinary." *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996) (quoting *In re Mason*, 916 F.2d 384, 385–86 (7th Cir. 1990)).

Furthermore, § 455(b)(1) provides that a judge shall recuse herself "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Similar to § 455(a), the Court "must determine whether a reasonable observer would conclude that the judge was biased." *Barr*, 960 F.3d at 920. A litigant must provide "compelling evidence" of bias that is "grounded in some form of personal animus that the judge harbors against the litigant." *Id.*

As it specifically relates to the Undersigned, the Plaintiff argues that the Undersigned is assisting with the sabotage of the Plaintiff's case, has not acted since being reassigned in order to avoid scrutiny by the Supreme Court,[3] and plans to agree to sanctions and automatically dismiss the Plaintiff's case. *See* Pl.'s Mot. 2, 10–11, ECF No. 173.

These arguments do not provide reasonable grounds for questioning the Undersigned's impartiality or concluding that the Undersigned is biased. The Plaintiff provides no evidence in support of her claims that the Undersigned plans to sabotage her case or render a decision based on anything other than the merits. Instead, she relies primarily on the fact that her case was reassigned to the Undersigned a few months ago. But this case was reassigned for administrative purposes, *see* ECF No. 158, which does not show bias or partiality on behalf of the Undersigned,

---

[3] The Plaintiff filed a writ of mandamus and/or prohibition with the Supreme Court, which the Supreme Court denied on December 6, 2021. *See In re Black*, 142 S. Ct. 625 (2021).

*see United States v. Turner*, No. 3:03-CR-22, 2011 WL 294837, at *2 (N.D. Ind. Jan. 26, 2011) ("An administrative order . . . that doesn't address or affect the merits of the case is insufficient to 'constitute a valid basis for a bias or partiality motion.'" (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994))). As for the Undersigned having not issued an order since being reassigned to the case, this does not demonstrate a need for recusal either. The Undersigned has not issued an order because the parties' filings since reassignment relate to discovery and sanctions issues handled by Magistrate Judge Collins. *See, e.g.*, ECF Nos. 159–65, 167, 170–72, 176. Therefore, the Undersigned will not recuse herself from this case.

    For the foregoing reasons, the Undersigned hereby DENIES the Plaintiff's Motion for the Recusal of Collins and Springmann and the Return of Judge Lee [ECF No. 173] as it relates to herself. Since the Undersigned and Magistrate Judge Collins have both denied the Plaintiff's motion, the motion is fully resolved.

    SO ORDERED on January 20, 2022.

                                          s/ Theresa L. Springmann  
                                          JUDGE THERESA L. SPRINGMANN  
                                          UNITED STATES DISTRICT COURT