UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SANDRA BLACK, <br><br> Plaintiff, <br><br> v. <br><br> NAOMI FRIEDRICHSEN, et al., <br><br> Defendants. | CAUSE NO.: 1:19-CV-307-TLS-SLC |

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion for Temporary Restraining Order, Preliminary Injunction and Request for Sanctions [ECF No. 128], filed on June 21, 2021. The motion is fully briefed and ripe for ruling.

## BACKGROUND

The circumstances giving rise to this motion relate to the parties' ongoing dispute over discovery and, specifically, the Plaintiff's deposition. The problems began when the Plaintiff failed to appear for her deposition, which was originally scheduled for October 22, 2020. *See* ECF Nos. 65, 73-2. As a result, the Defendants filed a motion to compel, ECF No. 72, and the Court ordered that the parties work together to schedule the deposition within 21 days, ECF No. 80. The Plaintiff's deposition was next scheduled for February 8, 2021, but the Plaintiff failed to appear for that date as well. *See* ECF Nos. 83, 89. The Court again ordered that the Plaintiff complete her deposition within 21 days. ECF No. 102. The Court also denied the Defendants' request for sanctions, finding that the Plaintiff's failure was due to a misunderstanding of the Court's previous order. *Id.* Finally, the Plaintiff's deposition took place on May 6 and May 18, 2021; however, it concluded when the Plaintiff refused to answer questions and left the

deposition. ECF Nos. 126, 127. The Court found that the deposition was not completed as there were 51 minutes remaining. ECF No. 169.

On May 28, 2021, counsel for the Defendants discovered that the Plaintiff recorded portions of her deposition without counsel's knowledge and posted them on social media. *See* ECF No. 129-1. That day, counsel emailed the Plaintiff and asked that she remove the videos, but the Plaintiff refused, stating that counsel had "no right to ask for removal of MY TESTIMONY." ECF Nos. 129-1, 129-2. Shortly thereafter, the Plaintiff made several more postings on her social media account related to the case, including calling the Defendants liars, evil, and racist, among other things. ECF No. 129-3.

On June 8, 2021, the Defendants filed a Motion for Entry of a Protective Order [ECF No. 120], seeking to bar disclosure of private and confidential information in the litigation. The Court granted the motion for a protective order on July 30, 2021, with only limited exceptions. ECF No. 143.

On June 21, 2021, the Defendants filed the instant Motion for Temporary Restraining Order, Preliminary Injunction and Request for Sanctions [ECF No. 128], requesting that the Court enjoin the Plaintiff from posting disparaging comments about the Defendants and their counsel on social media, order the removal of various social media posts and videos, and sanction the Plaintiff by terminating her case. The Plaintiff filed a Response on June 24, 2021 [ECF No. 133], and the Defendants filed a Reply on June 30, 2021 [ECF No. 134].

## ANALYSIS

In their motion, the Defendants argue that a temporary restraining order (TRO) and preliminary injunction are proper because they are likely to succeed on the Plaintiff's Fair Housing Act claims and the social media posts are causing irreparable harm to their reputation. They further argue that the sanction of dismissal is necessary given the Plaintiff's refusal to

complete her deposition and failure to abide by this Court's orders. The Plaintiff responds that she has a First Amendment right to speak about the case, that she has a strong case against the Defendants, and that she is handling this case as a pro se litigant. The Court first addresses the request for a TRO and preliminary injunction before turning to the request for sanctions.

A.      **Temporary Restraining Order and Preliminary Injunction**

For purposes of this motion, "[t]he standards for granting a temporary restraining order and preliminary injunction are the same." *USA-Halal Chamber of Com., Inc. v. Best Choice Meats, Inc.*, 402 F. Supp. 3d 427, 433 n.5 (N.D. Ill. 2019); *see Levas v. Village of Antioch*, 684 F.2d 446, 448 (7th Cir. 1982) (stating that, because the TRO was not being sought ex parte, it could be treated as an application for a preliminary injunction). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain an injunction, the Defendants must show: "(1) absent preliminary injunctive relief, [they] will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) [they] [have] a reasonable likelihood of success on the merits." *Tully v. Okeson*, 977 F.3d 608, 612–13 (7th Cir. 2020) (quoting *Turnell v. CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015)). Then, the Court "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). Since the Defendants are "requiring an affirmative act" on behalf of the Plaintiff, the Court is more searching in its review because these types of injunctions are "ordinarily cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quoting *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997)).

At a fundamental level, the Defendants are seeking relief for problems that are not typically addressed with a preliminary injunction. "The purpose of a preliminary injunction is

merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). While the Defendants may have a reasonable likelihood of success in defending against the Plaintiff's Fair Housing Act claim, an injunction preventing the Plaintiff from making social media posts has no relation to the judgment they ultimately seek on the merits. *See Nw. Pallet Supply Co. v. Peco Pallet, Inc.*, No. 3:15-cv-50182, 2016 WL 8671902, at *3 (N.D. Ill. May 13, 2016) ("The Supreme Court has explained that a preliminary injunction is 'appropriate to grant intermediate relief of the same character as that which may be granted finally,' but is not appropriate where the injunction 'deals with a matter lying wholly outside the issues in the suit.'" (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945))); *see also L.O. by D.O. v. E. Allen Cnty. Sch. Corp.*, No. 1:11-CV-178, 2012 WL 13171209, at *4 (N.D. Ind. Jan. 18, 2012) (explaining that the court does not weigh the chances of success on a non-existent claim).

With that said, the Defendants are not without a potential remedy. They are free to seek recourse under the Federal Rules of Civil Procedure governing the discovery process, and the Court granted the Defendants' request for a protective order not long after they filed this motion. Thus, the Defendants can seek discovery sanctions under Rule 37(b) if the Plaintiff's conduct violates the protective order, *see Szany v. Garcia*, No. 2:17-CV-74, 2019 WL 5027394, at *14 (N.D. Ind. July 3, 2019), or they can request a new protective order under Rule 26(c) to further limit dissemination of discovery material. Either way, these alternative means of addressing the Plaintiff's conduct demonstrate that an injunction is unnecessary. *See Joseph v. Carnes*, 566 F. App'x 530, 535 (7th Cir. 2014) (concluding that an injunction preventing the destruction of evidence was unnecessary given the duty to preserve evidence); *Hill v. Ne. Ill. Reg'l Commuter R.R.*, No. 91 C 8324, 1992 WL 57951, at *1 (N.D. Ill. Mar. 20, 1992) (stating that a preliminary

injunction is unnecessary because "[a] protective order pursuant to Fed. R. Civ. P. 26(c) is an adequate remedy").

Turning to the harm presented by the Plaintiff's social media posts, the Court is not convinced the Defendants' purported reputational harm warrants such a broad injunction. The Defendants claim that the Plaintiff's social media posts damage their reputation and argue that reputational injuries are presumed irreparable. It is true that reputational harms can be difficult to quantify for purposes of the preliminary injunction analysis. *See Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 902 (7th Cir. 2001) (stating that it can be "virtually impossible" to measure the economic consequences of the "damage to reputation and loss of goodwill"). However, the Defendants have the burden of showing that they are being irreparably harmed by the Plaintiff, and they have not explained in any detail how these social media posts might harm them personally or professionally. Their generalized statement of harm, by itself, does little to carry their burden.

Furthermore, any reputational harm to the Defendants is outweighed by the harm that would result from ordering the Plaintiff to take down social media posts as well as the traditional interest in having litigation that is open to the public. While the Defendants are correct that the First Amendment allows courts to restrict the dissemination of information gained through the civil discovery process, *see, e.g.*, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32–33 (1984),[1] their motion requests a far broader injunction. The Defendants seek to restrict the Plaintiff from disseminating her *own* deposition testimony (as opposed to just the Defendants' deposition

---

[1] It is telling, however, that the three cases the Defendants rely on for this proposition all dealt with whether a protective order was appropriate under Rule 26(c), as opposed to addressing the merits of a preliminary injunction. *See Seattle Times*, 467 U.S. at 37; *Caine v. City of Chicago*, No. 11 C 8996, 2012 WL 13059125, at *1 (N.D. Ill. June 28, 2012); *Felling v. Knight*, No. IP 01-0571-C-T/K, 2001 WL 1782360, at *1 (S.D. Ind. Dec. 21, 2001).

5

testimony), as well as order the Plaintiff to take down social media posts that do not include any pretrial discovery materials. That kind of order is untethered from what the Supreme Court has said the First Amendment allows. *See id.* at 37 (holding that a protective order, which has good cause, "is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, [] does not offend the First Amendment"); *see also Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) ("Absent a protective order, parties to a law suit may disseminate material obtained during discovery as they see fit."). It would also undermine the longstanding "tradition that litigation is open to the public." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000). Given these considerations, the Court finds that the harm posed to the Defendants' reputations is outweighed by the harm posed to the Plaintiff and the public interest.

Accordingly, the Court denies the Defendants' motion for a TRO and preliminary injunction against the Plaintiff.

**B.      Sanctions**

The Defendants also request that the Court sanction the Plaintiff for her out-of-court conduct and her actions related to discovery by dismissing her case under Federal Rule of Civil Procedure 41(b). Currently, the Defendants have a pending Motion for Sanctions [ECF No. 182], which requests that the Court dismiss the Plaintiff's case due to her continued failure to abide by this Court's orders and her obstruction of the discovery process.[2] Because that motion advances similar arguments and describes new conduct since the instant motion was filed, the Court denies

---

[2] The Defendants also filed a Motion for Sanctions [ECF No. 159] and an Amended Motion for Sanctions [ECF No. 162], requesting that the Plaintiff's case be dismissed. The Court denied the Defendants' motion because it found that the Plaintiff's failure to comply with the Court order did not amount to bad faith and appeared to be due to a misunderstanding of the Federal Rules of Civil Procedure. *See* Dec. 21, 2021 Op. & Order 20, ECF No. 169.

this request for sanctions as moot. The Defendants' pending Motion for Sanctions [ECF No. 182] will be addressed in a separate order.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Defendants' Motion for Temporary Restraining Order, Preliminary Injunction and Request for Sanctions [ECF No. 128].

SO ORDERED on February 8, 2022.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT