UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SANDRA BLACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-00307-TLS-SLC |
| | ) |
| NAOMI FRIEDRICHSEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINON AND ORDER

On January 20, 2022, *pro se* Plaintiff filed a motion requesting the Court "Stay All Action Pending the Decision of the Judicial Qualifications [C]ommission" and opposing "WRONGFUL Sanctions." (ECF 180). Plaintiff on January 24, 2022, also filed an affidavit (ECF 184) asserting that she had borrowed $25 but was having difficulty paying the attorney's fees the Court had ordered her to pay to Defendants pursuant to Federal Rule of Civil Procedure 37(a) and (d) (ECF 169). In a similar vein, on January 31, 2022, Plaintiff filed a "response" (ECF 185) and supporting affidavit (ECF 186), taking issue with the Undersigned Magistrate Judge's and District Court Judge Theresa Springmann's Orders (ECF 178, 179) denying Plaintiff's January 5, 2022, motion for recusal (ECF 173).

On January 21, 2022, Defendant filed a motion requesting that Plaintiff's case be dismissed as a sanction for her failure to complete her deposition. (ECF 182). Defendant also filed a motion on February 7, 2022, requesting a hearing in order to argue the motion for sanctions and to respond to Plaintiff's various filings. (ECF 187). Judge Springmann referred the motion for sanctions to the Undersigned on February 10, 2022, for a report and recommendation. (ECF 189). Plaintiff filed a "response" to the referral order and a supporting

"affidavit" on February 28, 2022, again alleging that the Undersigned and Judge Springmann should recuse themselves and that the case be stayed. (ECF 190, 191).

For the following reasons, Plaintiff's request to stay this matter as raised in her motion (ECF 180) and her "responses" to the Court's orders (ECF 185, 190) will be DENIED. Similarly, to the extent Plaintiff is renewing her request for the Undersigned's recusal in her motion to stay and response (ECF 185, 190), the request will be DENIED. Defendants' motion for sanctions (ECF 182) will be TAKEN UNDER ADVISEMENT. The time for Plaintiff to pay Defendants' attorney's fees as ordered by the Court on December 21, 2021, will be EXTENDED. (ECF 169). Defendants' motion for a hearing (ECF 187) will be DENIED AS MOOT. Finally, the Court will *sua sponte* extend the case management deadlines to accommodate this Opinion and Order.

### A. Background

At the heart of all the filings before the Court is a discovery dispute concerning Plaintiff's deposition that has languished for over a year now and that the Court has addressed multiple times. (*See* ECF 80, 102, 169). By way of brief background, Defendants initially noticed Plaintiff's deposition for October 22, 2020. (ECF 65). Plaintiff refused to attend her deposition on the grounds that she had not yet received discovery from Defendants, prompting Defendants to file a motion to compel. (ECF 72; *see also* ECF 75). On January 19, 2021, the Court granted Defendants' motion to compel, explaining that Plaintiff's position had no basis in law and ordering Plaintiff to schedule her deposition within twenty-one days of the Court's Order. (ECF 80 at 20-22). The Court also preliminarily granted Defendants' request for fees in association with their successful motion to compel in accordance with Federal Rule of Civil Procedure 37(d)

and for Plaintiff's failure to attend her deposition pursuant to Federal Rule 37(a)(5)(A). (*Id.* at 22-25; *see also* ECF 169 at 21-22).

Defendants attempted to complete Plaintiff's deposition within that twenty-one-day period, but Plaintiff refused to cooperate, contending that the Court's Order only required her to schedule (but not complete) the deposition within the period, prompting Defendants to move for sanctions. (ECF 87). The Court, affording Plaintiff the benefit of the doubt, denied Defendants' motion for sanctions on April 19, 2021, but ordered Plaintiff to complete her deposition within twenty-one days of that Order or risk further sanctions, including the "involuntary dismissal of this lawsuit." (ECF 102 at 9). Defendants attempted to depose Plaintiff again on May 6, 2021, and—after continuing the deposition due to health issues—on May 18, 2021, but Plaintiff unilaterally refused to continue. (*See* ECF 108, 111, 126, 127). After a hearing where the Court explained that Plaintiff must bring any dispute regarding her deposition before the Court, the Court extended the case management deadlines in part to permit Defendants to complete Plaintiff's deposition. (ECF 142, 143).

Defendants once again noticed a deposition (ECF 147), but Plaintiff filed a motion to terminate the deposition asserting that Defendants were only entitled to depose her for twenty-one more minutes and that the time should be limited to her cross-examination of herself (ECF 148). Defendants again moved for sanctions on October 27, 2021, requesting that Plaintiff be compelled to complete her deposition or that her case be involuntarily dismissed. (ECF 159, 162). Plaintiff also filed a motion on October 27, 2022, seeking to compel Defendants to answer a series of "follow up" interrogatories. (ECF 156). On December 21, 2021, the Court denied Plaintiff's motion to terminate her deposition (ECF 148) as factually and legally deficient—noting that Defendants actually still had fifty-one minutes to depose Plaintiff—and granted

Defendants' motion for sanctions (ECF 162) in part, ordering Plaintiff to complete her deposition within twenty-one days of that Opinion and Order or risk additional sanctions including monetary penalties and the dismissal of her lawsuit. (ECF 169 at 21, 27). Further, the Court denied Plaintiff's motion to compel (ECF 156), and provisionally granted Defendants' request for fees accrued in successfully defending against the motion. (ECF 169 at 17). The Court also addressed Defendants' fee request in relation to the Court's January 19, 2021, Opinion and Order (ECF 82), and ordered Plaintiff to pay Defendants' fees for 3.50 hours of work at a rate of $275 per hour for a total of $962.50 within thirty days of the Order, or again risk additional sanctions including the dismissal of her case. (ECF 169 at 25-26).

Unfortunately, even another direct Order from the Court failed to galvanize Plaintiff to complete her deposition. Rather, contending that the Court's various rulings against her were evidence of bias (*see* ECF 48, 74, 79, 80, 102, 143, 169), Plaintiff moved that the Undersigned Magistrate Judge and Judge Springmann recuse themselves and that this matter be reassigned back to District Court Judge William C. Lee (ECF 173).[1] Explaining that the Undersigned's rulings against Plaintiff were based on the law and the record before her, and that disagreement with "rulings alone are almost never a valid basis for a recusal motion," the Undersigned denied the motion for recusal as to herself on January 19, 2022. (ECF 178 (quoting *United States v. Barr*, 960 F.3d 906, 920 (7th Cir. 2020)).[2] On January 20, 2022, Judge Springmann similarly denied the motion as to herself, noting that the case was reassigned from Judge Lee for

---

[1] Judge Lee initially presided over this case, but it was reassigned to Judge Springmann on October 20, 2021. (ECF 158).

[2] While the Undersigned initially entered her ruling on the motion for recusal on January 19, 2022 (ECF 177), she entered an amended Opinion and Order on January 20, 2022 (ECF 178), in order to correct two scrivener's errors in the initial filing (ECF 178).

4

administrative reasons and that she had yet to even enter a ruling against Plaintiff at that point. (ECF 179).

That same day the Court received Plaintiff's motion to stay. (ECF 180). In her motion, Plaintiff reiterates arguments raised in past motions—including the argument that Defendants will ultimately be unable to succeed on the merits and that the evidence will support her version of events. (*Id.*; *see also* ECF 69 at 7-8; ECF 149 at 4-5; ECF 153 at 2). Plaintiff also accuses the Court of attempting to delay discovery to prevent this case from going forward. (ECF 180 at 4). As such, Plaintiff suggests that this matter should be paused "until the decision of the Judicial Qualification [Commission]." (*Id.* at 3). Similarly, in her response to the Court Orders denying the motion for recusal (ECF 177, 178), Plaintiff takes issue with the Court's prior rulings in Defendants' favor and again asserts that Defendants will be unable to prevail on the merits at trial (ECF 185 at 2-3). In her supporting affidavit, Plaintiff also points to the Court's July 29, 2021, Order (ECF 141) requiring Plaintiff to appear in person for a Court hearing while permitting Defendants' counsel to appear telephonically, and the state court eviction proceedings at the heart of this case which she asserts establishes her argument. (ECF 186 at 5). Still more, in her February 25, 2022, "response" (ECF 190) to the referral Order and supporting affidavit (ECF 191), Plaintiff again asserts essentially that she has proven her case but that the Court's prior rulings are evidence of its bias against her. According to Plaintiff, because the Court apparently "FAILS TO CONSIDER ANYTHING **OF MERIT** FROM PLAINTIFF . . . . the court MUST disqualify and RETURN JUDGE LEE TO THE BENCH." (ECF 185 at 3). Further, she asserts this matter should be stayed pending "THE second district CIRCUIT OF APPEALS investigation into the bias and misconduct of this court, [and] the IMMEDIATE disqualification of BOTH JUDGES . . . ." (ECF 190 at 1).

5

On January 21, 2022, Defendants filed a motion (ECF 182) and a supporting memorandum (ECF 183) renewing their request that Plaintiff's case be dismissed as a sanction. In support of their motion, Defendants point to the Court's three prior Orders requiring Plaintiff to complete her deposition within a certain timeframe (ECF 80 at 20-22; ECF 102 at 9; ECF 169 at 27), and the Court's two prior warnings that Plaintiff risked sanctions including dismissals if she did not complete her deposition (ECF 102 at 9; ECF 169 at 20), and further warning that she risked dismissal if she failed to pay Defendants' attorney's fees (ECF 169 at 25-26). (ECF 183). They further point to an email exchange where, despite the Court's January 21, 2022, Order to the contrary, Plaintiff continued to assert that Defendants were not entitled to depose her for fifty-one more minutes. (*Id.* at 3; *see* ECF 183-2). Defendants also contend that further financial sanctions will be ineffective given Plaintiff's failure to pay their attorney's fees as ordered. (ECF 183 at 5).

In her response to the referral order, Plaintiff also responded to the motion for sanctions contending that she has in fact cooperated in discovery, but again asserting that the Court has failed to consider evidence proving her claims and accusing the Court of being biased against her. (ECF 190 at 12-15). On January 24, 2022, the Court received a document from Plaintiff informing that she had borrowed $25.00 to comply with the Court's December 21, 2021, Opinion and Order, but that Defendants' counsel refused to accept it. (ECF 184 at 1). Plaintiff then asserts that she is "a poverty stricken litigant . . . incapable [of paying] a . . . court ORDERED sanction." (*Id.*).

### B. Plaintiff's Renewed Request for Recusal

First and foremost, to the extent that Plaintiff is renewing her request for the Undersigned's recusal, her request will similarly be denied. The allegations contained in

Plaintiff's motion to stay and response to the Court's prior Orders are attempts to rehash arguments already raised in past motions—including in Plaintiff's initial motion for recusal. The Court has already discussed these arguments at length and sees no need to reiterate them again. As already explained to Plaintiff, "[d]isagreement with a judge's rulings does not suffice to show bias or prejudice; judicial rulings are grounds for appeal, not disqualification." (ECF 178 at 2 (quoting *Ware v. Garnett*, No. 04-925-WDS, 2008 WL 220352, at *1 (S.D. Ill. Jan. 25, 2008) (citations and internal quotation marks omitted))); *see also Straw v. City of South Bend*, No. 3:16-CV-342-JD, 2016 WL 6996047, at *1 (N.D. Ind. Nov. 30, 2016); *Lindell v. Casperson*, No. 02-C-473-C, 2004 WL 3053632, at *1 (W.D. Wis. Dec. 27, 2004) (collecting cases).

It is possible Plaintiff is actually requesting that the Court reconsider its prior Order denying her motion (ECF 178), but as already explained to Plaintiff, the Court generally only reconsiders "a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it" (ECF 102 at 5-9 (citing *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008))). Here, Plaintiff has not pointed to any change in law or facts, nor does she suggest that the Court misunderstood her arguments. Instead, as already mentioned, Plaintiff simply rehashes her past arguments. (*Compare* ECF 180, 185, 186, *with* ECF 84, 85, 96, 117, 154, 156, 157). But "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." (ECF 102 (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996))). Not only could Plaintiff's arguments have been heard during the pendency of the previous motion, but they were heard and they were rejected. Accordingly, regardless of whether Plaintiff's assertions

that the Undersigned should recuse herself in the motion to stay (ECF 185) and Plaintiff's response to the Court's prior Order (ECF 190) were meant as an independent motion or a motion to reconsider, Plaintiff's requests will be DENIED.

### B. Plaintiff's Request to Stay

Plaintiff's request to stay this matter is similarly baseless and will also be denied. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Tex. Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005). While stays are sometimes statutorily required, *see* 11 U.S.C. § 362, courts considering a stay will generally consider: "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012) (collecting cases). "The court has broad discretion in exercising it authority to stay." *Id.* at 1045-46 (citing *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir.1995)).

Here, Plaintiff is requesting the Court stay this case pending "the Decision of the Judicial Qualifications [C]ommission" (ECF 180 at 1) or the "second district CIRCUIT OF APPEALS investigation" of this Court (ECF 190 at 1).³ Plaintiff's apparent belief is that the case should be stayed under the assumption that the Undersigned will be removed from this matter due to the Court's past denials of Plaintiff's various motions. (*See* ECF 180, 190). But as discussed *infra*,

---

³ The Undersigned is also aware that Plaintiff has since filed a Complaint of Judicial Misconduct with the Judicial Council of the Seventh Circuit.

8

the Court has already considered and denied Plaintiff's motion for recusal, and complaints of judicial misconduct are not the proper means of seeking review of such a denial. *See In re Gibson*, 950 F.3d 919, 922 (7th Cir. 2019).

Furthermore, the mere filing of a judicial misconduct complaint does not require a judge to recuse herself. *In re Mann*, 229 F.3d 657, 658 (7th Cir. 2000) (noting that the *pro se* plaintiff had "not cited any rule or decision supporting the sweeping idea that a judge must automatically disqualify herself from a lawsuit simply because a disgruntled litigant currently alleges (or has previously alleged) judicial misconduct"); *see also In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1265 (11th Cir. 2009).

> Indeed, if that were the rule, litigants displeased with Judge A's adverse rulings could easily manipulate the system by filing a misconduct complaint, thereby disqualifying Judge A from hearing the case, in the hopes that the case would then be assigned to Judge B who might be more sympathetic to their cause.

*In re Mann*, 229 F.3d at 658.

"The *Mann* reasoning applies equally here, despite the fact that [Plaintiff] seeks a stay instead of recusal [at least in this motion]." *U.S. ex rel. Fortier v. Winters*, No. 00 C 7058, 2007 WL 118225, at *2 (N.D. Ill. Jan. 9, 2007). "Plaintiff's motion to stay is a delaying tactic in hopes that an investigation would lead to findings of judicial misconduct in a back door attempt to mandate the recusal of . . . the undersigned." *Cuyler v. Kroger Co.*, No. 1:14-CV-1287-RWS-AJB, 2015 WL 12602439, at *6 (N.D. Ga. July 6, 2015), *R. &R. adopted by* No. 1:14-CV-1287-RWS, 2015 WL 12621042 (N.D. Ga. July 22, 2015). But "[a] litigant cannot force a judge off a case . . . simply by . . . filing a judicial conduct complaint." *In re Alpha Telcom, Inc.*, No. CV 01-1283-PA, 2009 WL 10679710, at *2 (D. Or. July 1, 2009).

9

Allowing a litigant to stay a case merely because she filed a complaint of judicial misconduct would allow her to hold this litigation hostage in the hopes that she might receive a more sympathetic judge—while ignoring the proper procedure and mechanisms for seeking recusal.  *See generally In re Kozich*, 534 B.R. 427, 429 (Bankr. S.D. Fla. 2015) ("This conclusion—that the filing of a confidential judicial misconduct complaint does not require the judge who is the subject of the complaint to stop work on the case—makes complete sense from a public policy standpoint and is consistent with disqualification standards under 28 U.S.C. § 455(a).").  A stay here, then, would not streamline or simplify any of the issues currently before the Court.  If anything, it will needlessly further delay the already long-delayed resolution of this matter.  Accordingly, Plaintiff's requested stay is DENIED.

### D.  Defendants' Motion for Sanctions

As mentioned, Defendants request that the Court dismiss Plaintiff's complaint for failing to obey the Court's prior Orders pursuant either to Federal Rules of Civil Procedure 37(b)(2)(A)(v), 41(b), or the Court's inherent authority.  (ECF 182; *see also* ECF 183).  This is the third such motion filed by Defendants.  (*See* ECF 87, 162).

In the context of a discovery sanction, the Court enjoys broad discretion in determining the appropriateness of a sanction.  *See Patterson by Patterson v. Coca-Cola Bottling Co. Cairo-Sikeston*, 852 F.2d 280, 283 (7th Cir. 1988).  Thus far, in light of Plaintiff's *pro se* status, the Court has denied Defendants' requests for dismissal and afforded Plaintiff ample leniency for her failure to comply with the Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules.  (*See, e.g.,* ECF 102, 169).  Yet, Plaintiff has disregarded the Court's prior Orders directing her to complete her deposition, despite warnings that she risked the involuntary

dismissal of her case by doing so. The Court's leniency with Plaintiff to date, however, is nearing its end.

Plaintiff will be given one FINAL chance to complete the remaining fifty-one (51) minutes of her deposition within twenty-one days (21) of this Order. (*See* ECF 182). Plaintiff is forewarned that if she fails to do so, the undersigned WILL recommend that the district court judge DISMISS her complaint with prejudice as a sanction. *See Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 782 (7th Cir. 2016).

In light of this Order, the Court will *sua sponte* extend the discovery deadline to April 19, 2022, for the sole purpose of completing Plaintiff's deposition and extend the dispositive motion deadline to May 19, 2022. Further, in light of this Order, Defendants' request for a hearing (ECF 187) is MOOT.

### E. Plaintiff's Ability to Pay Attorney's Fees

Finally, the Court considers Plaintiff's assertion that she is unable to pay due to her indigency (ECF 184) Defendants' attorney's fees as required by the Court's December 21, 2021, Order (ECF 169). As the Court explained in its prior Orders, Rule 37 presumes an award of fees to a party that successfully brings or defends against a motion to compel, unless the losing party's position was substantially justified or an award of fees would be unjust. (ECF 80 at 22; ECF 169 at 13). While the Court recognizes that Plaintiff is *pro se*, most courts which have addressed the issue have found that *pro se* parties are not immune from an award of fees. *See, e.g., Roldan v. Coca Cola Refreshments USA, Inc.*, No. 20 C 305, 2021 WL 38139, at *1 (N.D. Ill. Jan. 5, 2021) ("The plaintiff, as already indicated, was given leeway as a *pro se* litigant, but the expense of this most recent motion should not be borne by the defendant."); *Oliver v. Tyson Foods, Inc.,* No. 1:11-CV-120, 2012 WL 1906367, at *2 (N.D. Ind. May 25, 2012) ("[I]ndigency

11

alone does not make an award of fees unjust."); *Banty v. Dings Co. Magnetic Grp.*, No. 09-C-0963, 2010 WL 4337905, at *3 (E.D. Wis. Oct. 22, 2010).

That being said, some courts have found that an award of fees may be unjust when the losing party establishes an inability to pay, *see Grady v. Affiliated Comput. Servs. ACS*, No. 1:13-CV-00342-TWP, 2014 WL 6066049, at *2 (S.D. Ind. Nov. 13, 2014); *see also DeLeon v. Rice*, No. 05-C-521, 2006 WL 1314021, at *4 (E.D. Wis. May 11, 2006), or if additional sanctions are imposed upon a party, *see Diamond v. Bon Secours Hosp.*, No. CIV. WMN-09-865, 2010 WL 2696632, at *10 (D. Md. July 6, 2010); *Miller v. Sprint Commc'ns,* No. 3:97CV156–P, 1997 WL 910426 (W.D.N.C. Dec. 31, 1997); *Pack v. S.C. Wildlife & Marine Res. Dep't,* 92 F.R.D. 22 (D.S.C. 1981). Given that Plaintiff claims to be unable to pay Defendants' attorney's fees at this point and that additional sanctions may be forthcoming, the Court will *sua sponte* extend Plaintiff's deadline to pay the $962.50 in fees previously awarded until April 19, 2022. Further, the Court will take Defendants' subsequent request for additional fees (ECF 164 at 2-3; *see also* ECF 171) in relation to Plaintiff's October 18, 2021, motion to compel (ECF 156) under advisement. The Court will revisit the appropriateness of any additional attorney's fee award following the close of discovery.

### F. Conclusion

In summary, Plaintiff's request that the Undersigned recuse herself as raised in Plaintiff's motion to stay and response (ECF 185, 190) is DENIED. Plaintiff's request to stay this matter as raised in her motion (ECF 180) and her "responses" to the Court's Orders (ECF 185, 190) is DENIED. Defendants' motion for sanctions (ECF 182) is TAKEN UNDER ADVISEMENT. PLAINTIFF MUST COMPLETE HER DEPOSITION BY APRIL 20, 2022, OR THE UNDERSIGNED **WILL** RECOMMEND THAT THE DISTRICT COURT JUDGE **DISMISS**

PLAINTIFF'S COMPLAINT WITH PREJUDICE AS A SANCTION.  Further, the Court *sua sponte* extends the discovery deadline to and including April 19, 2022, and the dispositive motion deadline to May 19, 2022.  The Court also *sua sponte* extends Plaintiff's deadline to pay Defendants' attorney's fees as established in its December 21, 2021, Opinion and Order—that is, $962.50—to and including April 19, 2022.  The Court takes Defendants' subsequent request for additional fee awards (ECF 171) UNDER ADVISEMENT.  Finally, in light of this Order, Defendants' motion requesting a hearing (ECF 187) is DENIED AS MOOT.

SO ORDERED.

Entered this 29th day of March 2022.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge