UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SANDRA BLACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:19-cv-00307-TLS-SLC |
| | ) |
| NAOMI FRIEDRICHSEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff initiated this matter on July 10, 2019, asserting that Defendants discriminated against her on account of her race in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq*. (ECF 1 at 2).[1] On January 21, 2022, Defendants filed a motion requesting this case be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v), 41(b), or the Court's inherent authority. (ECF 182; *see also* ECF 183). On February 10, 2022, the District Judge referred this motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72-1. (ECF 189). While dismissal of Plaintiff's case is not unwarranted due to her repeated noncompliance with Court Orders and the Federal Rules of Civil Procedure, I nonetheless recommend that: (1) Defendants' motion (ECF 182) be DENIED and Plaintiff be given one more chance to litigate her case with civility and in accordance with FRCP and Court Orders, and (2) Plaintiff be WARNED that any further noncompliance with a Court Order or further filing of frivolous motions WILL result in DISMISSAL of her case.

---

[1] Plaintiff initially filed a complaint against Defendants in case number 1:19-cv-222. District Judge William Lee dismissed that case for lack of subject-matter jurisdiction. (1:19-cv-222, ECF 3). In a motion to reconsider, Plaintiff raised for the first time a potential FHA violation, invoking this Court's federal question jurisdiction. (1:19-cv-222, ECF 5). Accordingly, Judge Lee directed the clerk to file Plaintiff's motion to reconsider as a new complaint in this matter. (1:19-cv-222, ECF 6).

### *A. Background*

The Court has already substantially described the procedural posture of this case in past Opinions and Orders. (*See* ECF 80, 169, 192). Relevant to the present matter, on November 9, 2020, the Court entered an Order (ECF 74) admonishing Plaintiff for sending the courtroom deputy an *ex parte* email requesting an extension of time, despite the Court previously reminding the parties that any "request for a court order must be made by motion" (ECF 70 at 1 (citation and internal quotation marks omitted)). In doing so, the Court warned Plaintiff that if she continued to disobey the Court's Orders, she risked possible sanctions up to and including the involuntary dismissal of her case. (ECF 74 at 1).

On January 19, 2021, the Court denied a motion to compel filed by Plaintiff (ECF 69) and granted a motion filed by Defendants (ECF 72) seeking to compel Plaintiff to attend her deposition. (ECF 80). She was ordered to "schedule" her deposition within twenty-one days of the Court's Opinion and Order. (ECF 80 at 20-22). After Plaintiff refused to schedule or complete the deposition in that time period, the Court—in an April 19, 2022, Opinion and Order denying Defendants' first motion for sanctions (ECF 87)—ordered Plaintiff to complete her deposition within twenty-one days of that Opinion and Order or risk further sanctions, including the "involuntary dismissal of this lawsuit." (ECF 102 at 9).

Defendants were eventually able to begin Plaintiff's deposition on May 6, 2021, before having to continue it to May 18, 2021, due to Plaintiff's alleged health issues. (ECF 108, 111, 126, 127). On May 18, 2021, however, Plaintiff unilaterally refused to participate in the deposition—citing her health issues and claiming that Defendants' questions were irrelevant. (ECF 127). At a hearing on various motions, the Court explained that Plaintiff must bring any dispute regarding her deposition before the Court and extended the case management deadlines in part to allow Defendants to complete the deposition. (ECF 142, 143). Plaintiff subsequently

2

moved to terminate her deposition, contending that Defendants had gone over their allotted time and that she should be permitted to cross examine herself. (ECF 147). Defendants again moved that Plaintiff's case be dismissed as a sanction, or in the alternative that Plaintiff be compelled to complete her deposition. (ECF 159, 162).

On December 21, 2021, the Court denied Plaintiff's request to terminate her deposition, observing that Defendants retained fifty-one minutes to depose Plaintiff, and granted Defendants' motion in part—compelling Plaintiff to complete her deposition within twenty-one days of that Opinion and Order or risk additional sanctions, including monetary penalties and the dismissal of her lawsuit. (ECF 169 at 21, 27). At the same time, the Court awarded Defendants their attorneys' fees in the amount of $962.50 accrued litigating their successful motion to compel (ECF 72) and defending against Plaintiff's unsuccessful motion to compel (ECF 69). (ECF 169 at 25-26). Plaintiff was afforded thirty days to pay Defendants' fees or risk sanctions including the dismissal of her case. (*Id.*). The Court also provisionally awarded Defendants their fees incurred defending a separate, unsuccessful motion to compel (ECF 156).[2] (ECF 169 at 17; *see also* ECF 171).

Rather than complete her deposition, Plaintiff unsuccessfully moved for the recusal of the Judges in this case. (*See* ECF 173, 174, 178, 179). Undeterred, Plaintiff filed a variety of motions, "responses" to the Court's Orders, and "affidavits," alternately renewing her request for recusal and requesting the Court stay this matter after she filed a complaint of judicial misconduct against the Undersigned. (ECF 180, 185, 186). In the meantime, Plaintiff again failed to complete her deposition, prompting Defendants to file the present motion for sanctions

---

[2] Because the Court is required to determine whether Defendants' fee request was reasonable, *see* Fed. R. Civ. P. 37(a), Defendants were directed to file an affidavit detailing their counsel's hours and rates (ECF 169 at 17). Defendants' counsel filed an affidavit on January 3, 2022 (ECF 171), which remains under advisement (*see* ECF 192 at 13).

3

on January 21, 2022. (ECF 182). On March 30, 2022, the Court denied Plaintiff's renewed request for recusal or reconsideration of the Court's prior decision denying Plaintiff's motion of recusal and declined to stay this matter pending the resolution of Plaintiff's complaint of judicial misconduct. (ECF 192 at 3-10). Nevertheless, the Court took Defendants' motion for sanctions under advisement, affording Plaintiff one more chance to complete her deposition. (*Id.* at 12-13). Plaintiff was warned that if she failed to complete her deposition within twenty-one days of that Opinion and Order, the Undersigned would recommend that Plaintiff's case be dismissed as a sanction.[3] (*Id.*).

On April 13, 2022, Plaintiff filed her "Motion for Dismissal Due to Misconduct: and the **EVIDENCE be CONSIDERED BY A SENIOR JUDGE**" where Plaintiff primarily reiterates the arguments raised in her various motions requesting recusal, before requesting that the Court "dismiss/disqualify" her case. (ECF 193).[4] On April 26, 2022, Defendants filed a response alleging that Plaintiff still had not completed her deposition. (ECF 195). As Defendants explain, their counsel attempted to schedule Plaintiff's deposition following the Court's March 30, 2022, Opinion and Order, but Plaintiff refused to confirm her availability. (ECF 195 at 6; *see* ECF 195-2). After the Defendants properly noticed Plaintiff's deposition for April 19, 2022 (ECF 194), Plaintiff appeared by video-teleconference but refused to complete her deposition. (ECF 195 at 7; ECF 195-1 ¶¶ 4-5). Defendants also report that they have not received their previously awarded attorney fees. (*Id.* ¶ 6).

---

[3] The Court also *sua sponte* extended Plaintiff's time to pay Defendants' attorney fees to April 19, 2022. (ECF 192 at 13).

[4] Though the Court will consider Plaintiff's "motion" here to the extent it is relevant to the question of whether Plaintiff's case should be dismissed as a sanction, the Court will rule on it (ECF 193) and Plaintiff's later "Motion to ADVANCE THE CASE TO CONGRESS **FOR DIRECTION**" (ECF 197) by separate Order.

Nevertheless, on May 5, 2022, Defendants filed the transcript of the continued deposition. (ECF 196). While Plaintiff continued her habit of giving rambling, run-on answers, she did participate in the deposition, appearing to only have refused to participate in her deposition after the fifty-one minutes elapsed. (*Id.* at 18). Further, Plaintiff on May 11, 2022, filed a "REPL[Y] to the Defendants' Response of CONTINUOUS TAG TEAM MISCONDUCT WITH COLLINS," where she contends that she had, in fact, completed the deposition. (ECF 197 ¶ 7).[5]

## B. Legal Standard

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v), if a party "fails to obey an order to provide or permit discovery" the Court may issue sanctions including "dismissing the action or proceeding in whole or in part." "Apart from the discovery rule, a court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). This includes the authority to dismiss an action for discovery abuses. *See* 10A Alexa Ashworth, *et al.*, Federal Procedure, Lawyer's Edition § 26:710.

Similarly, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Involuntary dismissal, however, is an extreme sanction which should be used sparingly. *See Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998). "[A] court should dismiss a case pursuant to Rule 41 only when there exists a clear record of delay or contumacious conduct or when less drastic sanctions have proven ineffective." *Roland v. Salem Contract*

---

[5] That being said, the bulk of Plaintiff's reply consists of factual allegations she contends support her case and accusations that the Court has disregarded evidence in her favor because of some perceived bias against her. (*Id.*).

*Carriers, Inc.*, 811 F.2d 1175, 1177 (7th Cir. 1987). Further, "unlike a Rule 41(b) dismissal, a Rule 37(b) dismissal requires both a failure to comply with a discovery order and a showing of willfulness, bad faith or fault." *Id.* at 1179. "Once the court makes such a finding, the sanction imposed must be proportionate to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009).

### C. Analysis

At the earliest stages of this matter, the Court referred Plaintiff to the Federal Rules of Civil Procedure (*see* ECF 27) and through the course of this litigation reminded her of her obligations to follow them (*see* ECF 79 at 3). She has apparently failed to take that advice to heart. As a result, Plaintiff has continued to file various motions and requests that can at best be described as baseless—or at worst as conscious attempts to skirt the Court's prior Orders. (*See, e.g.,* ECF 80 at 1, 192 at 8). Plaintiff's noncompliance with the Court's rules and procedures has undoubtably stymied this matter's progress and Defendants' attempts to complete discovery. Plaintiff, for example, refused to attend her deposition until she received discovery she contended she was owed—a position not contemplated by the Federal Rules. (ECF 80 at 20-21). When Plaintiff finally sat for her deposition, she refused to answer multiple questions on the grounds that they were not relevant, even though relevance alone is an "improper ground" for limiting a deposition pursuant to Federal Rule 30(d). (ECF 167 at 5-7). When Plaintiff attempted to serve Defendants "follow-up" interrogatories, she failed to properly serve the discovery requests as required by Federal Rule 33. (ECF 169 at 13).[6]

Plaintiff has also demonstrated a misunderstanding (to describe it gratuitously) of the purpose and role of the Court. Plaintiff has and continues to assert, for example, that the Court

---

[6] Defendants, however, still responded to the interrogatories (*see* ECF 164), and the Court ultimately addressed the merits of Plaintiff's motion to compel (ECF 156), which it denied (ECF 169 at 13-17).

has failed to consider evidence that she has essentially proven her allegations (*see* ECF 86 at 3, 178 at 1, 193 at 2-6), while ignoring the Court's repeated explanations that it does not consider the ultimate merits of the matter during the discovery stage (*see* ECF 80 at 19-20, 169 at 7, 178 at 2 n.5). Plaintiff has at separate points requested advice from the Court on how to proceed (*see* ECF 102 at 6) and that the Court "publicize" her case for her (*see* ECF 143 at 1)—neither of which are the duty or responsibility of the Court. And when Plaintiff's various baseless motions and requests were denied, Plaintiff continuously attempted to get the Court to revisit its prior decisions—without providing any new factual or legal reasons to do so (*see, e.g.,* ECF 86, 102)—before attempting to have the Undersigned removed from her case (*see, e.g.,* ECF 178, 192 at 6-10). Dissatisfied with the Court's rulings—and apparently the Supreme Court, *see In Re Sandra Black*, No. 21-5893 (U.S.)—Plaintiff is now requesting that this case be "handed over" to Congress (ECF 199 at 9).[7]

All the while, Defendants and their counsel have been forced to deal with a seemingly endless barrage of largely meritless motions and setbacks. (*See, e.g.,* ECF 25, 78, 84, 96, 114, 117, 149, 154, 157, 173, 180, 185). Defendants' counsel's attempts to simply schedule depositions have been met with accusations of harassment and racism. (*See* ECF 89-3, 89-4, 89-5, 89-6). Routine deposition questions have been met with argumentative and unresponsive answers or outright refusals to answer. (*See, e.g.*, ECF 126 at 5, 13-14, 15, 19, 24-26; ECF 127 at 16, 19, 28, 30; ECF 196 at 9, 13-14, 15, 17). Even though Plaintiff was initially ordered to complete her deposition over a year ago (ECF 80), Defendants have been forced to notice Plaintiff's deposition seven times (ECF 65, 83, 103, 107, 147, 181, 194), and it has taken three

---

[7] As mentioned, the Court will address this motion (ECF 199) by separate order.

clear, written warnings that she risked the involuntary dismissal of her case to get her to complete her deposition (ECF 102, 169, 192).

Plaintiff's actions also call into question the effectiveness of the Court's previous admonishments and sanctions. Admonishments have failed to induce Plaintiff into completing discovery and complying with the Court's rules. If anything, they have spurred more redundant motion practice. (*See* ECF 79, 86 at 5-6, 102 at 5-6). Further, Plaintiff's inability to pay Defendants' attorney fees—despite two additional Orders from the Court to do so (ECF 169, 192)—suggest that further monetary sanctions would be ineffective. *See Donelson v. Hardy*, 931 F.3d 565, 570 (7th Cir. 2019) ("[I]f [the plaintiff] could not afford the filing fee, a monetary sanction would not deter him."). Given the circumstances, involuntary dismissal of this case under either Rule 37 or Rule 41 is not unwarranted.

Nevertheless, Plaintiff has now been deposed for at least seven hours—the time permitted by the Federal Rules. Further, Defendants have not suggested that "additional time consistent with [Federal] Rule 26(b)(1) and (2)" is needed to "fairly examine" Plaintiff, or if "any other circumstance" has impeded or delayed her examination. Fed. R. Civ. P. 30(d)(3). The Advisory Committee notes to Rule 30(d) "contemplate additional time to be allotted if the court finds conduct has frustrated the fair examination of the deponent, such as the making of an excessive number of unnecessary objections," *Am. Hardware Mfrs. Ass'n. v. Reed Elsevier, Inc.*, No. 03 C 9421, 2007 WL 4557820, at *1 (N.D. Ill. Dec. 21, 2007) (footnote omitted), but at the same time recognize that "rules do not allow for endless depositions and in every deposition the parties must make choices about the subject matter to be covered," *Id.* at *2. While Defendants may have wished to glean more out of Plaintiff's deposition, "[t]he 7-hour rule necessitates . . . that almost all depositions will be under-inclusive." *In re Sulfuric Acid Antitrust Litig.*, 230 F.R.D. 527, 532 (N.D. Ill. 2005).

Again, the Court premised its past warning of recommending dismissal on Plaintiff completing her deposition. Here, it appears Plaintiff has met this minimal burden. While Plaintiff's aforementioned conduct certainly could support dismissal pursuant to Rule 37 or Rule 41, given that Plaintiff's deposition is the sole outstanding matter of discovery, the Undersigned recommends that the Court deny Defendants' motion seeking the sanction of dismissal (ECF 182) and allow this matter to proceed to dispositive motions.[8] *See Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011) ("A district court's entry of sanctions is reviewed for abuse of discretion . . . ."); *see generally Poulakis v. Amtrak*, 139 F.R.D. 107, 109 (N.D. Ill. 1991) ("[W]e take further note of plaintiff's *pro se* status, which in this court's opinion entitles him to a certain degree of leniency so as to ensure that his case is justly resolved on its merits rather than on the basis of procedural technicalities to the extent possible.").

Plaintiff, however, is on thin ice. Plaintiff must CEASE filing baseless or rehashed motions. If Plaintiff wants the Court to do something, she must—as required by the Federal Rules of Civil Procedure—file a motion stating "*with particularity*" the grounds for the requests and the relief sought. Fed. R. Civ. P. (7)(b). Plaintiff is reminded that she—like any other litigant before the Court—is obliged to follow the Federal Rules of Civil Procedure. If Plaintiff fails to heed this warning, she subjects her case to the sanction of involuntary dismissal—an admonishment that I recommend be reiterated in the District Judge's Order on Defendants' motion. *See* Fed. R. Civ. 41(b).

### D. Conclusion

In sum, it appears that despite Plaintiff's various failures to comply with Court Orders, Plaintiff has finally completed her deposition. While dismissal of this case due to Plaintiff's past

---

[8] In light of this Report and Recommendation, the Undersigned will set a scheduling conference by separate order to reset the dispositive motion deadline, if necessary.

violations of Court Orders is not unwarranted, I nonetheless RECOMMEND that Defendants' motion for sanctions (ECF 182) be DENIED and that Plaintiff be given ONE FINAL OPPORTUNITY to litigate her case with civility and in compliance with the Federal Rules of Civil Procedures, the Local Rules, and the Court's Orders.

In giving Plaintiff this final chance, I RECOMMEND Plaintiff be ADMONISHED that she MUST NOT FILE any motion or request unless it clearly states the basis for the request and the relief sought, or any motion raising or rehashing issues already decided by this Court. I RECOMMEND that Plaintiff be WARNED that any failure by her to comply with this Order WILL result in further sanctions—namely, the DISMISSAL of her case.

The Clerk is directed to send a copy of this Report and Recommendation to counsel for Defendants and to *pro se* Plaintiff. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.

SO ORDERED.

Entered this 8th day of June 2022.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge