UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SANDRA BLACK, | | |
| Plaintiff, | | |
| v. | | CAUSE NO.: 1:19-CV-307-TLS |
| NAOMI FRIEDRICHSEN, et al., | | |
| Defendants. | | |

**OPINION AND ORDER**

This matter is before the Court on a Report and Recommendation [ECF No. 200], filed by Magistrate Judge Susan L. Collins on June 8, 2022. Judge Collins recommends that the Court deny the Defendants' Renewed Motion for Sanctions [ECF No. 182] and that the Plaintiff be admonished for her conduct in this case and warned of the consequences for failing to comply with the Court's orders. For the reasons set forth below, the Court ACCEPTS the Report and Recommendation and therefore DENIES the Defendant's Renewed Motion for Sanctions. Also before the Court is the Plaintiff's Motion to Disqualify or Stay the Court Pending Circuit Court Panel Decision Regarding Misconduct of Both Judges [ECF No. 204], filed on June 23, 2022. As will be discussed below, the Court DENIES the Plaintiff's motion.

**BACKGROUND**

The Plaintiff initiated this case on July 10, 2019, alleging racial discrimination by the Defendants in violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq. *See* Compl. 2, ECF No. 1.[1] Among other things, the Plaintiff alleges that the Defendants targeted her based on her

---

[1] The Plaintiff initially filed a complaint under a different cause number, which was dismissed for lack of subject matter jurisdiction. *Black v. Friedrichsen*, No. 1:19-cv-222 (N.D. Ind. 2019) (ECF Nos. 1, 3). The Plaintiff subsequently filed a motion to reconsider that raised a Fair Housing Act violation for the first

race and falsely accused her of lease violations to force her to vacate the apartment. *Id.* at 2–3. A few months after the case began, the Defendants filed a motion to dismiss, ECF No. 14, which the Court denied, ECF No. 28.

As the case proceeded through discovery, Judge Collins ruled on numerous disputes between the parties on discovery issues. *See* ECF Nos. 80, 102, 143, 169. The primary problem—and the one underlying the pending motion for sanctions—was the Plaintiff's deposition. Briefly, the Plaintiff had initially refused to complete her deposition in late 2020; then began her deposition in May 2021 but did not complete it in full; and in September 2021, sought to terminate her deposition for various reasons, including her belief that the Defendants had gone over the seven-hour time limit. *See* Dec. 21, 2021 Op. & Order 2–4, ECF No. 169. In a ruling issued on December 21, 2021, Judge Collins ordered the Plaintiff to complete the remaining 51 minutes of her deposition and ordered her to pay $962.50 in legal fees because the Defendants were successful on their motion to compel. *Id.* at 5, 21, 25. A couple of weeks later, the Plaintiff filed a motion for Judge Collins and the Undersigned to recuse from the case, ECF No. 173, which both judges denied, ECF Nos. 178, 179.

On January 21, 2022, the Defendants filed their Renewed Motion for Sanctions [ECF No. 182], requesting that the Court dismiss the Plaintiff's case. The Defendants argued that the Plaintiff had repeatedly disobeyed the Court's orders as it related to her deposition and otherwise abused the discovery process. This was not the first time the Defendants sought sanctions against the Plaintiff. *See* ECF Nos. 87, 128, 162. On February 10, 2022, the Court referred the renewed motion to Judge Collins for a Report and Recommendation. ECF No. 189. On March 30, 2022, Judge Collins took the motion under advisement, explaining that she was giving the Plaintiff a

---

time. *Id.* (ECF No. 5). As a result, then-presiding Judge William C. Lee directed the Clerk of Court to docket the Plaintiff's motion to reconsider as a complaint in a new case. *Id.* (ECF No. 6).

final opportunity to complete her deposition and that she would recommend dismissal if the Plaintiff failed to do so. Mar. 29, 2022 Op. & Order 11, 12–13, ECF No. 192.

The Plaintiff eventually completed her deposition on April 19, 2022. ECF No. 196. Thus, Judge Collins filed a Report and Recommendation [ECF No. 200] recommending that the Court deny the motion for sanctions and give the Plaintiff one last chance to litigate this case with civility and in compliance with the Federal Rules of Civil Procedure. Furthermore, Judge Collins recommends that the Plaintiff be admonished to not file any motion unless it clearly states the basis for the request and the relief sought and that she should not file any motion that repeats issues already decided by the Court.

On June 23, 2022, the Plaintiff filed a Motion to Disqualify or Stay [ECF No. 204], requesting that the Undersigned and Judge Collins be disqualified from the case or that the case be stayed until the Seventh Circuit Court of Appeals can address a complaint she filed.

These matters are now ripe for ruling. The Court first addresses the Report and Recommendation on the Defendant's Renewed Motion for Sanctions before turning to the Plaintiff's Motion to Disqualify or Stay.

## ANALYSIS

**A.      Report and Recommendation on Motion for Sanctions**

The Court's review of Judge Collins' Report and Recommendation is governed by 28 U.S.C. § 636(b)(1)(C), which provides as follows:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Judge Collins gave the parties notice that they had fourteen days to file objections to the Report and Recommendation. R. & R. 10, ECF No. 200. As of the date of this Opinion, neither party has filed an objection, and the time to do so has passed.[2]

       The underlying motion seeks dismissal of the Plaintiff's complaint as a sanction for her conduct during discovery. Dismissal is a severe sanction that should not be imposed lightly. *See Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993). Under either Rule 37(b) or the Court's inherent authority, the Court must find that the Plaintiff "acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake before it may choose dismissal as a sanction for discovery violations." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016); *see Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018) ("A court may use its inherent authority to sanction those who show 'willful disobedience of a court order,' act in 'bad faith, vexatiously, wantonly, or for oppressive reasons,' for fraud on the court, delay, disruption, or 'hampering enforcement of a court's order.'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991))). Additionally, under Rule 41(b), the Court can dismiss a case only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (citation omitted). While the Court is less demanding of pro se litigants, they are still obligated to "follow court rules and directives." *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012).

---

[2] Although the Plaintiff filed her Motion to Disqualify or Stay [ECF No. 204] on June 23, 2022, that filing does not include any specific objections to the Report and Recommendation.

Judge Collins recommends that the Court deny the motion for sanctions. R. & R. 9–10. Judge Collins explained that her past warning of recommending dismissal was premised on the Plaintiff completing her deposition and that the Plaintiff had finally "met this minimal burden." *Id.* at 9. However, Judge Collins recognized that the Plaintiff's conduct could support the sanction of dismissal. *Id.* This is because the Plaintiff failed to follow the Court's orders and the rules of procedure, obstructed the discovery process, filed baseless motions, and accused the Defendants of racism and harassment when they tried to schedule her deposition. *Id.* at 6–8.

The Court finds no error with this analysis. The Plaintiff's conduct has certainly been troubling throughout this case. As mentioned, despite being noticed for a deposition in October 2020, it took a year and a half for the Plaintiff to complete her deposition—and that was only after Judge Collins ordered her to do so three times. Rather than engage in the discovery process, the Plaintiff repeatedly filed frivolous motions that prevented this case from progressing. Her conduct required both the Defendants and this Court to expend significant time and resources addressing her filings. That being said, now that the Plaintiff's deposition is complete, this case can proceed to dispositive motions and trial, if necessary. Thus, the Court gives the Plaintiff a final chance to move forward with the merits of her case and will not impose the severe sanction of dismissal at this time. However, the Court reiterates Judge Collins' admonishment that the Plaintiff must not file any motion unless it clearly states the basis for the request and the relief sought, and that she must not file a motion that repeats issues already decided by the Court.

Accordingly, the Court accepts, in full, the Report and Recommendation and denies the Defendant's request for dismissal.

**B.      Motion to Disqualify or Stay**

The Court next addresses the Plaintiff's motion requesting that both Judge Collins and the Undersigned be disqualified (or for the Undersigned to correct all the issues she raises) and

for the Court to stay the case to await the outcome of a complaint she filed with the Seventh Circuit. *See* Pl. Mot. 6–7, 8, ECF No. 204. The basis for this motion includes, among other things, the denial of summary judgment and her discovery requests, previous rulings on her deposition's time limit, claims that the Defendants have acted dishonestly, and a belief that the Court is biased against her. *Id.* at 1–8. At the outset, the Court notes that Judge Collins is no longer assigned to this case as discovery is now closed. ECF No. 203. But more importantly, these are the same arguments that have already been addressed in previous rulings. *See, e.g.*, ECF Nos. 178 (denying motion to recuse), 179 (denying motion to recuse), 192 (denying motions to disqualify and motion to stay). The Court finds no reason to resolve these issues differently.

To start, the Plaintiff has not presented valid grounds for the Undersigned to recuse herself from the case. A federal judge must "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned" or "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). This requires the Plaintiff to show that an objective, reasonable observer would conclude that the judge is biased or would have significant doubt that justice would be done. *See United States v. Barr*, 960 F.3d 906, 919, 920 (7th Cir. 2020). "[J]udicial rulings alone are almost never a valid basis for a recusal motion." *Id.* at 920; *see Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996) (concluding that a judge merely ruling against a litigant on various issues is insufficient to show impermissible prejudice). However, the Court's previous rulings appear to be the only basis for the Plaintiff's argument that there is bias and impartiality. That is not enough to justify recusal and the Plaintiff has not provided any other evidence to support her motion. *See Barr*, 960 F.3d at 920 (explaining that a litigant must provide "compelling evidence" of bias that is "grounded in some form of personal animus that the judge harbors against the litigant"). The motion to disqualify is denied.

The Plaintiff's request that the Court stay the proceedings is denied for similar reasons. The Plaintiff seems to request a stay in order to await the outcome of a complaint she filed with the Seventh Circuit against Judge Collins and the Undersigned. In effect, the Plaintiff's complaint and the corresponding request for a stay is another way to have the Undersigned disqualified. But the Plaintiff's complaint against the judges assigned to this case does not warrant staying the proceedings. *See In re Mann*, 229 F.3d 657, 658 (7th Cir. 2000) (dismissing the "idea that a judge must automatically disqualify herself from a lawsuit simply because a disgruntled litigant currently alleges (or has previously alleged) judicial misconduct"); *United States ex rel. Fortier v. Winters*, No. 00 C 7058, 2007 WL 118225, at *2 (N.D. Ill. Jan. 9, 2007) (concluding that the filing of a judicial misconduct complaint does not warrant staying the case). Since there are no other grounds supporting a stay of proceedings, the request is denied.

Finally, as mentioned above, Judge Collins recommends (and the Court accepts) that the Plaintiff be given a last chance and that she should not file any motions repeating issues that have already been addressed. Although this motion reasserts issues that have already been decided, the Court will not count this motion as the Plaintiff's last chance because it was filed before the Court accepted the Report and Recommendation.

## CONCLUSION

Therefore, the Court hereby ACCEPTS, IN WHOLE, the Report and Recommendation [ECF No. 200] and DENIES the Defendants' Renewed Motion for Sanctions [ECF No. 182]. Further, the Court ADMONISHES the Plaintiff that she must not file a motion or request unless it clearly states the basis for the request and the relief, or any motion repeating issues already decided by the Court. The Court WARNS the Plaintiff that any failure to comply with the Court's orders will result in the sanction of dismissal.

The Court DENIES the Plaintiff's Motion to Disqualify or Stay the Court Pending Circuit Court Panel Decision Regarding Misconduct of Both Judges [ECF No. 204].

The Court will set deadlines for the parties to file dispositive motions by separate order.

SO ORDERED on July 14, 2022.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
