UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SANDRA BLACK,<br><br>    Plaintiff,<br><br>    v.<br><br>NAOMI FRIEDRICHSEN, ERIKA HOLIDAY (LIDDICK), HUNTERS RUN APARTMENTS AND OWNERS, and INTERSTATE REALTY MANAGEMENT CO.,<br><br>    Defendants. | CAUSE NO.: 1:19-CV-307-TLS |

## OPINION AND ORDER

This matter is before the Court on several pending motions. *See* ECF Nos. 215, 217, 218, 219, 220, 223, 225, 226.

## PROCEDURAL BACKGROUND

The Plaintiff initiated this case on July 10, 2019, alleging racial discrimination by the Defendants in violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq. *See* Compl. 2, ECF No. 1.[1] Among other things, the Plaintiff alleges that the Defendants targeted her based on her race and falsely accused her of lease violations to force her to vacate the apartment. *Id.* at 2–3. A few months later, the Defendants filed a motion to dismiss, which the Court denied. *See* ECF No. 28. Before discovery began, the Plaintiff filed a Motion for Summary Judgment [ECF No. 40],

---

[1] The Plaintiff initially filed a complaint under a different cause number, which was dismissed for lack of subject matter jurisdiction. *Black v. Friedrichsen*, No. 1:19-cv-222 (N.D. Ind. 2019) (ECF Nos. 1, 3). The Plaintiff subsequently filed a motion to reconsider that raised a Fair Housing Act violation for the first time. *Id.* (ECF No. 5). As a result, then-presiding Judge William C. Lee directed the Clerk of Court to docket the Plaintiff's motion to reconsider as a complaint in a new case, which resulted in the opening of this cause number. *Id.* (ECF No. 6).

which was fully briefed, *see* ECF Nos. 44, 47, and which the Court denied on July 27, 2020, *see* ECF No. 48.

On October 20, 2021, the case was reassigned to the undersigned as the presiding district court judge. ECF No. 158. Discovery closed on April 19, 2022. *See* ECF No. 192.

On July 14, 2022, the Court issued an Opinion and Order on pending matters in which the Court admonished "the Plaintiff that she must not file a motion or request unless it clearly states the basis for the request and the relief, or any motion repeating issues already decided by the Court. The Court WARNS the Plaintiff that any failure to comply with the Court's orders will result in the sanction of dismissal." ECF No. 205, p. 7.

The following day, the Court issued a scheduling order setting filing deadlines of: (1) September 30, 2022, for motions for summary judgment, (2) October 31, 2022, for response briefs, and (3) November 17, 2022, for reply briefs. ECF No. 206. On September 21, 2022, the Court granted the Plaintiff's motion for an extension of time and extended the summary judgment deadlines to October 28, 2022, November 28, 2022, and December 15, 2022, respectively. ECF No. 213.

On October 28, 2022, the Defendants filed a Motion for Summary Judgment [ECF No. 215], a memorandum in support, and supporting evidence. The Plaintiff did not file a response by the November 28, 2022 deadline. Instead, on November 1, 2022, the Plaintiff filed (1) a Motion for Preventative Injunction [ECF No. 217], (2) a Motion to Strike Defendants' Motion for Summary Judgment [ECF No. 218], (3) a Motion to Admonish and Sanction Defendants [ECF No. 219], and (4) a "Motion for Seventh Circuit Court Chief Judge Danie S. Sykes to Rule Against Racism and the Conspiracy to Enable Racism in This Case Granting Plaintiff a Right to a Fair Litigation and to [Be] Heard Fully" [ECF No. 220]. On November 14, 2022, the Plaintiff filed a "Notice of Appearance" [ECF No. 221] with a caption for a lawsuit in the United States

2

District Court for the Northern District of California. Because there is no proper basis for this filing in the instant lawsuit, the Court strikes this filing. On December 2, 2022, the Plaintiff filed a "Notice of Certificate of Service to Chief Judge Diane S. Sykes: of a copy of the 'Motion (only) for the 7th Circuit Judge to Stop Racism . . .'" [ECF No. 222].

On December 16, 2022, the Defendants filed a Request for Ruling on Their Motion for Summary Judgment, or Alternatively, Request for Court to Interpret Plaintiff's Motion to Strike [ECF No. 223], to which the Plaintiff filed a response [ECF No. 224] on December 22, 2022.

On January 17, 2023, the Plaintiff filed a Motion to Request a Court Appointed Attorney for Advisory/Assistance in this Matter [ECF No. 225]. On February 13, 2023, the Plaintiff filed a Motion for an Immediate Order Establishing a Fact of the Case [ECF No. 226].

## ANALYSIS

**A.    The Plaintiff's "Motion for Seventh Circuit Court Chief Judge Diane S. Sykes to Rule Against Racism and the Conspiracy to Enable Racism in This Case Granting Plaintiff a Right to a Fair Litigation and to [Be] Heard Fully" and the "Plaintiff's Motion for Preventative Injunction"**

The Plaintiff's motion addressed to Circuit Court Chief Judge Sykes [ECF No. 220] is not properly filed in this Court and is thus not pending for a ruling. In fact, on December 2, 2022, the Plaintiff filed a Notice with this Court, indicating that she served the motion on Chief Judge Sykes. Accordingly, the Court will direct the Clerk of this Court to show the Plaintiff's motion as terminated on this Court's docket.

The Plaintiff's Motion for Preventative Injunction [ECF No. 217] asks the Court to withhold ruling on the Defendant's Motion for Summary Judgment pending a ruling on the motion addressed to Chief Judge Sykes. The Plaintiff made a similar request in her June 23, 2022 Motion to Disqualify or Stay [ECF No. 204]. In that motion, the Plaintiff asked the Court to stay this case pending a complaint of judicial misconduct she had submitted to the Seventh Circuit

3

Court of Appeals. In its July 14, 2022 Opinion and Order, the Court denied the request. *See* ECF No. 205, p. 7. For the same reason—that the filing of a complaint of judicial misconduct does not warrant a stay of proceedings, the Court denies the instant Motion for Preventative Injunction. *See In re Mann*, 229 F.3d 657, 658 (7th Cir. 2000) (dismissing the "idea that a judge must automatically disqualify herself from a lawsuit simply because a disgruntled litigant currently alleges (or has previously alleged) judicial misconduct"); *United States ex rel. Fortier v. Winters*, No. 00 C 7058, 2007 WL 118225, at *2 (N.D. Ill. Jan. 9, 2007) (concluding that the filing of a judicial misconduct complaint does not warrant staying the case).

**B.     The Plaintiff's Motion to Strike and the Defendants' Request for Ruling**

In her Motion to Strike [ECF No. 218], the Plaintiff asks the Court to strike the Defendants' Motion for Summary Judgment, arguing that it was filed in bad faith. As she has in numerous other filings with the Court, the Plaintiff accuses the Court of having a racist vendetta and treating her differently. The Plaintiff contends that the Defendants' Motion for Summary Judgment presents only their side of the evidence and argues that the Court must consider her submissions as well. And she contends that she has "overwhelming evidence against the defendants claim submitted in Plaintiff's Summary Judgment Brief." ECF No. 218, p. 3. She also references her "pending motion" that is being ignored. *Id.* These appear to be a reference to the Plaintiff's Motion for Summary Judgment filed on June 1, 2020, *see* ECF No. 40, which was denied by the Court on July 27, 2020, ECF No. 48.

Finding that the Plaintiff has not offered a basis to strike the Defendants' properly filed Motion for Summary Judgment, the Court denies the Motion to Strike. However, given the Plaintiff's pro se status and given that several of the arguments she makes in the Motion to Strike appear responsive to the Defendants' Motion for Summary Judgment, the Court will give the Plaintiff one final opportunity to file a response brief in opposition to the Motion for Summary

Judgment that complies with Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

In addition, it does not appear from the record that the Defendants sent the Plaintiff the "Notice to *Pro Se* Litigant" as required by Local Rule 56-1(a)(4). The Notice sets forth the requirements for responding to a motion for summary judgment. *See* N.D. Ind. L.R. App'x C. Accordingly, the Court will direct the Clerk of Court to provide the Plaintiff with a copy of the Notice along with a new copy of the Defendants' Motion for Summary Judgment, memorandum in support, and exhibits.

In light of this ruling, the Court denies in part and grants with relief different than requested in part the Defendants' Request for Ruling on Their Motion for Summary Judgment, or Alternatively, Request for Court to Interpret Plaintiff's Motion to Strike [ECF No. 223]. The Court denies the request for a ruling on the pending Motion for Summary Judgment at this time. The deadline for the Plaintiff to file a response brief in opposition to the Defendants' Motion for Summary Judgment is extended to June 30, 2023, and the deadline for the Defendants to file a reply brief will be July 14, 2023. No extensions of these deadlines will be granted. However, consistent with the Defendants' alternative request for relief, if the Plaintiff does not file a response brief by the June 30, 2023 deadline, the Court will construe the Plaintiff's Motion to Strike [ECF No. 218] as her response to the Defendants' Motion for Summary Judgment.

**C.     The Plaintiff's Motion to Admonish and Sanction Defendants**

In the Motion to Admonish and Sanction Defendants [ECF No. 219], the Plaintiff contends that the Defendants are in violation of an admonishment of the Court not to contact the Court through email. Although the Court previously admonished *the Plaintiff* to discontinue seeking relief from the Court by email, *see* ECF Nos. 70, 74, no similar admonition appears to have been made to the Defendants. Moreover, it is unclear what email communication allegedly

made by the Defendants is the subject of the motion. Therefore, the Court denies the Motion to Admonish and Sanction Defendants.

D. **Motion to Request a Court Appointed Attorney for Advisory/Assistance in this Matter**

On April 6, 2021, the Plaintiff filed a Request for Direction by the Court [ECF No. 101] that included a request for a court-recruited attorney. On April 19, 2021, the Court denied the request without prejudice. *See* ECF No. 102, pp. 6–9. The Court set out the requirements that, should she choose to renew her request for recruited counsel, the Plaintiff should (1) identify at least three attorneys she contacted and the dates on which she contacted them and (2) explain why—given her background and the difficulties of this case—she is unable to competently represent herself in this matter. *Id*. at 8–9. As she acknowledges in the instant Motion to Request a Court Appointed Attorney for Advisory/Assistance in this Matter [ECF No. 225], the Plaintiff chose not to renew her request. However, now that discovery is closed and the deadline to respond to summary judgment has passed, she seeks the appointment of an attorney in an advisory role, lists the names of five attorneys she contacted (with no dates) but who declined to take her case, and gives several reasons why she cannot competently represent herself in this matter, including discovery related difficulties, disability, and taking care of four grandchildren.

The Court finds that the motion is not well taken at this stage of the litigation and that the Plaintiff is able to sufficiently represent herself in responding to the pending Motion for Summary Judgment. As noted in the Court's earlier opinion, civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). The Seventh Circuit Court of Appeals has instructed that, when determining whether to recruit pro bono counsel for a civil litigant, the Court should consider (1) whether the plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from

6

doing so and (2) whether the plaintiff appears competent to litigate the case herself, given the difficulty of the case. *Id.* at 654–58. Here, discovery is closed, and the appearance of counsel at this stage of the proceedings would not result in the reopening of discovery. Second, as noted in the Court's earlier opinion, the Plaintiff is a chemical engineer and literate, having filed hundreds of pages of material in this case. The Plaintiff filed her own motion for summary judgment and survived the Defendants' motion to dismiss. Although the Plaintiff's initial motion for recruitment of counsel over two years ago mentioned that she is disabled, suffers chronic illness, and cares for grandchildren, these difficulties have not prevented the Plaintiff from continuing to make dozens of filings and vigorously prosecute her case. Accordingly, the Court denies the Motion to Request a Court Appointed Attorney for Advisory/Assistance in this Matter.

E.       **Plaintiff's Motion for an Immediate Order Establishing a Fact of the Case**

The Motion for an Immediate Order Establishing a Fact of the Case [ECF No. 226] asks the Court to make a factual finding in this case, which is not properly before the Court on this motion. The Plaintiff will have an opportunity to present arguments and to submit evidence to support the material facts that she argues are in dispute by filing a response to the Defendants' pending Motion for Summary Judgment. As set forth above, the Court is extending the deadline for her summary judgment response brief and is providing her with a "Notice to *Pro Se* Litigant" setting forth the requirements for her brief. Therefore, the Court denies the Plaintiff's Motion for an Immediate Order Establishing a Fact of the Case.

## CONCLUSION

For the reasons set forth above, the Court hereby

(1)   DENIES the Motion for Preventative Injunction [ECF No. 217]; the Motion to Strike [ECF No. 218]; the Motion to Admonish and Sanction Defendants [ECF No. 219]; the Motion to Request a Court Appointed Attorney for Advisory/Assistance in this Matter

7

(1)    [ECF No. 225]; and the Motion for an Immediate Order Establishing a Fact of the Case [ECF No. 226];

(2)    DENIES in part and GRANTS in part with relief different than requested the Defendants' Request for Ruling on Their Motion for Summary Judgment, or Alternatively, Request for Court to Interpret Plaintiff's Motion to Strike [ECF No. 223];

(2)    STRIKES the Plaintiff's "Notice of Appearance" [ECF No. 221];

(3)    DIRECTS the Clerk of Court to show the Plaintiff's "Motion for Seventh Circuit Court Chief Judge Diane S. Sykes to Rule Against Racism and the Conspiracy to Enable Racism in This Case Granting Plaintiff a Right to a Fair Litigation and to [Be] Heard Fully" [ECF No. 220] as terminated pursuant to this Opinion and Order;

(4)    TAKES UNDER ADVISEMENT the Defendants' Motion for Summary Judgment [ECF No. 215];

(5)    ORDERS that (a) the deadline for the Plaintiff to file a response to the Defendants' Motion for Summary Judgment [ECF No. 215] in compliance with Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1 is extended to **June 30, 2023**; (b) if the Plaintiff does not file a motion by the June 30, 2023 deadline, the Court will construe the Plaintiff's Motion to Strike [ECF No. 218] as her summary judgment response brief; (c) the deadline for the Defendants' reply in support of Summary Judgment is **July 14, 2023**; and (4) no further extensions of these deadlines will be granted; and

(6)    DIRECTS the Clerk of Court to send the Plaintiff a copy of Appendix C to the Local Rules for the Northern District of Indiana ("Notice to *Pro Se* Litigant") with the service of this Opinion as well as a copy of the Defendants' Motion for Summary Judgment [ECF No. 215], the Defendants' Memorandum in Support [ECF No. 216], and the attached Exhibits [ECF Nos. 216-1 through 216-10].

SO ORDERED on May 24, 2023.

                                                  s/ Theresa L. Springmann
                                                  JUDGE THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT